**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

WILLIAM TISDALE, Individually and for
Others Similarly Situated,

        Plaintiff,

v.

IOWA HEALTH SYSTEM d/b/a UNITYPOINT
HEALTH,

        Defendant.

Case No. 1:23-cv-01142

Judge Michael M. Mihm

Magistrate Judge Jonathan E. Hawley

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT**

Defendant Iowa Health System ("Defendant" or "IHS"), pursuant to Fed. R. Civ. P. 8 & 12, states as follows for its Answer and Affirmative Defenses to Plaintiff's Collective Action Complaint:

**SUMMARY**

**COMPLAINT ¶1:**

William Tisdale ("Tisdale") brings this class and collective action to recover unpaid overtime wages, other wages, and damages from Iowa Health System d/b/a UnityPoint Health ("UnityPoint").

**ANSWER:** Defendant admits that Plaintiff purports to assert a class and collective action against Defendant seeking the relief described, but denies the remaining allegations in Complaint Paragraph 1.

**COMPLAINT ¶2:**

Tisdale works for UnityPoint as a Security Officer at UnityPoint facilities in Illinois.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 2.  Answering further, Defendant IHS denies that it employed Plaintiff.

**COMPLAINT ¶3:**

Like the Putative Class Members (as defined below), Tisdale regularly works more than 40 hours in a workweek.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 3.

**COMPLAINT ¶4:**

But UnityPoint does not pay them for all the hours they work.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 4.

**COMPLAINT ¶5:**

Instead, UnityPoint automatically deducts 30 minutes a day from these employees' work time for so-called meal breaks.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 5.

**COMPLAINT ¶6:**

Tisdale and the Putative Class Members are thus not paid for that time.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 6.

**COMPLAINT ¶7:**

But UnityPoint fails to provide Tisdale and the Putative Class Members with *bona fide* meal breaks.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 7.

**COMPLAINT ¶8:**

Instead, UnityPoint requires Tisdale and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions, including during their unpaid "meal breaks."

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 8.

**COMPLAINT ¶9:**

UnityPoint's auto-deduction policy violates the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Illinois Wage Payment and Collection Act

("IWPCA") by depriving Tisdale and the Putative Class Members of wages, including overtime pay, for all hours worked, including those worked in excess of 40 hours in a workweek.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 9.

**COMPLAINT ¶10:**

Further, in addition to excluding time Tisdale and the Putative Class Members worked during their unpaid "meal breaks," UnityPoint also paid these employees different hourly rates (or "shift differentials") and/or bonuses depending on what type of shifts they worked.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 10.

**COMPLAINT ¶11:**

But UnityPoint failed to include these shift differentials and bonuses in calculating Tisdale's and the Putative Class Members' regular rates of pay for overtime purposes.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 11.

**COMPLAINT ¶12:**

UnityPoint's shift differential and bonus pay scheme violates the FLSA and IMWL by failing to pay Tisdale and the Putative Class Members overtime wages at rates not less than 1.5 times their regular rates of pay – based on *all* renumeration received – for all overtime hours worked.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 12.

## JURISDICTION & VENUE

**COMPLAINT ¶13:**

This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

**ANSWER:** Defendant admits that this Court has jurisdiction over Plaintiff's FLSA claims pursuant to the statutes cited, but denies the remaining allegations in Complaint Paragraph 13.

**COMPLAINT ¶14:**

The Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

**ANSWER:** Defendant admits that this Court has jurisdiction over Plaintiff's state-law claims pursuant to the statute cited, but denies the remaining allegations in Complaint Paragraph 14.

**COMPLAINT ¶15:**

This Court has personal jurisdiction over UnityPoint because UnityPoint conducts substantial business – such as employing workers (like Tisdale) – throughout Illinois, including in this District and Division.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 15.

**COMPLAINT ¶16:**

Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims occurred in this District and Division. 28 U.S.C. § 1391(b)(2).

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 16.

**COMPLAINT ¶17:**

Specifically, Tisdale works for UnityPoint in and around Peoria and Pekin, Illinois, which is in this District and Division.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 17.

## PARTIES

**COMPLAINT ¶18:**

Tisdale has worked for UnityPoint as a Security Officer at UnityPoint facilities in and around Peoria and Pekin, IL since approximately November 2021.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 18.

**COMPLAINT ¶19:**

Throughout his employment, UnityPoint classified Tisdale as non-exempt and paid him on an hourly basis.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 19.

**COMPLAINT ¶20:**

But UnityPoint subjected Tisdale to its common practice of automatically deducting 30 minutes a day from his recorded work time for so-called "meal breaks."

**ANSWER:**  Defendant denies the allegations of Complaint Paragraph 20.

**COMPLAINT ¶21:**

Further, throughout his employment, UnityPoint paid Tisdale under its shift differential and bonus pay scheme, paying him different hourly rates and/or bonuses depending on what type of shift he worked.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 21.

**COMPLAINT ¶22:**

But UnityPoint failed to include these shift differentials and bonuses in calculating Tisdale's regular rate of pay for overtime purposes.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 22.

**COMPLAINT ¶23:**

Tisdale's written consent is attached as **Exhibit 1**.

**ANSWER:**  Defendant admits the allegations in Complaint Paragraph 23.

**COMPLAINT ¶24:**

Tisdale brings this action on behalf of himself and other similarly situated hourly, non-exempt UnityPoint employees who (1) were subject to UnityPoint's automatic meal break deduction policy and/or (2) were paid under UnityPoint's shift differential and bonus pay scheme.

**ANSWER:**  Defendant admits that Plaintiff purports to assert the claim described, but denies the remaining allegations in Complaint Paragraph 24.

**COMPLAINT ¶25:**

UnityPoint uniformly requires these employees to remain on-duty and perform work throughout their shifts, including during their unpaid "meal breaks."

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 25.

**COMPLAINT ¶26:**

UnityPoint uniformly pays these employees shift differentials and/or bonuses that UnityPoint fails to include in calculating their regular rates of pay for overtime purposes.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 26.

**COMPLAINT ¶27:**

Thus, UnityPoint uniformly deprives these employees of wages (including overtime compensation at the proper premium rate based on *all* renumeration received) for all hours worked, including those in excess of 40 hours in a workweek in violation of the FLSA, IMWL and the IWPCA.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 27.

**COMPLAINT ¶28:**

The FLSA Collectives of similarly situated employees are defined as:

> **All hourly, non-exempt UnityPoint employees who received an automatic meal period deduction at any time during the past 3 years ("FLSA Meal Break Collective Members" or "FLSA Meal Break Collective"); and**
>
> **All hourly, non-exempt UnityPoint employees who received shift differentials and/or bonuses at any time during the past 3 years ("FLSA Shift Diff Collective Members" or "FLSA Shift Diff Collective").**

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 28.

**COMPLAINT ¶29:**

The FLSA Meal Break Collective Members and the FLSA Shift Diff Collective Members are collectively referred to as the "FLSA Collective Members" or "FLSA Collectives."

**ANSWER:** Defendant admits that Plaintiff purports to assert claims on behalf of those described but denies the remaining allegations in Complaint Paragraph 29.

**COMPLAINT ¶30:**

Tisdale also seeks to represent such classes under the IMWL and IWPCA pursuant to FED. R. CIV. P. 23.

**ANSWER:** Defendant admits that Plaintiff purports to assert claims pursuant to Illinois state law on a class basis but denies the remaining allegations in Complaint Paragraph 30.

**COMPLAINT ¶31:**

The Illinois Classes of similarly situated employees are defined as:

> **All hourly, non-exempt UnityPoint[1] employees who received an automatic meal period deduction while working in Illinois at any time during the past 10 years ("Illinois Meal Break Class Members" or "Illinois Meal Break Class"); and**
>
> **All hourly, non-exempt UnityPoint employees who received shift differentials and/or bonuses at any time while working in Illinois during the past 3 years ("Illinois Shift Diff Class Members" or "Illinois Shift Diff Class").**

**ANSWER:** Defendant admits that Plaintiff purports to assert claims pursuant to Illinois state law on a class basis but denies the remaining allegations in Complaint Paragraph 31, including the allegations in footnote 1.

**COMPLAINT ¶32:**

The Illinois Meal Break Class Members and the Illinois Shift Diff Class Members are collectively referred to as the "Illinois Class Members" or "Illinois Classes."

**ANSWER:** Defendant admits that Plaintiff purports to assert claims pursuant to Illinois state law on behalf of those described but denies the remaining allegations in Complaint Paragraph 32.

**COMPLAINT ¶33:**

The FLSA Collective Members and Illinois Class Members are collectively referred to as the "Putative Class Members" or "Putative Classes."

**ANSWER:** Defendant admits that Plaintiff purports to assert claims pursuant to the FLSA and Illinois state law on a collective and class basis on behalf of those described but denies the remaining allegations in Complaint Paragraph 33.

**COMPLAINT ¶34:**

UnityPoint is an Iowa not-for-profit corporation that maintains its headquarters in Des Moines, Iowa.

---

[1] The Illinois Meal Break Class expressly includes any employees who worked for Iowa Health System prior to its 2013 rebranding to UnityPoint Health. See https://www.unitypoint.org/about-unitypoint-health ("Until 2013, [UnityPoint] w[as] known as Iowa Health System.") (last visited April 4, 2023).

**ANSWER:** Defendant admits that IHS is an Iowa not-for-profit corporation that maintains its headquarters in Des Moines, Iowa.  Defendant denies the remaining allegations in Complaint Paragraph 34.

**COMPLAINT ¶35:**

Until 2013, UnityPoint operated under the name "Iowa Health System."[2]

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 35.

**COMPLAINT ¶36:**

UnityPoint may be served with process by serving its registered agent: **URS Agents, LLC, 30 North LaSalle Street, Suite 1510, Chicago, Illinois 60602**.

**ANSWER:** Defendant admits that IHS may be served with process by serving its registered agent: URS Agents, LLC, 30 North LaSalle Street, Suite 1510, Chicago, Illinois 60602. Defendant denies the remaining allegations in Complaint Paragraph 36.

## COVERAGE UNDER THE FLSA

**COMPLAINT ¶37:**

At all relevant times, UnityPoint was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:** Defendant admits the allegations in Complaint Paragraph 37.

**COMPLAINT ¶38:**

At all relevant times, UnityPoint, as a hospital network and institution primarily engaged in healthcare, was an enterprise within the meaning of Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A).

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 38.

**COMPLAINT ¶39:**

At all relevant times, UnityPoint was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the FLSA, 29 U.S.C. § 203(s)(1)(B), because UnityPoint, as a hospital network, is engaged in the operation of a hospital and an institution primarily engaged in providing healthcare services.

---

[2] *See* https://www.unitypoint.org/about-unitypoint-health (last visited April 4, 2023).

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 39.

**COMPLAINT ¶40:**

UnityPoint uniformly deducted 30 minutes/shift from Tisdale and the FLSA Collective Members' wages for meal breaks, even when these employees did not actually receive bona fide, non-interrupted meal breaks.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 40.

**COMPLAINT ¶41:**

As a result, UnityPoint failed to pay Tisdale and the FLSA Collective Members for this compensable work, including overtime wages, in violation of the FLSA.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 41.

**COMPLAINT ¶42:**

UnityPoint's automatic meal break deduction policy, which deprives Tisdale and the FLSA Collective Members of overtime compensation for all overtime hours worked during the weeks in which these employees work over 40 hours, is a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 42.

**COMPLAINT ¶43:**

Further, UnityPoint uniformly failed to include shift differential payments and bonuses Tisdale and the FLSA Collective Members received in calculating these employees' regular rates of pay for overtime purposes.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 43.

**COMPLAINT ¶44:**

As a result, UnityPoint failed to pay Tisdale and the FLSA Collective Members overtime wages at rates not less than 1.5 times their regular rates of pay – based on *all* renumeration received – in violation of the FLSA.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 44.

**COMPLAINT ¶45:**

UnityPoint's shift differential and bonus pay scheme, which deprives Tisdale and the FLSA Collective Members of overtime compensation at the proper premium rate, is a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 45.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶46:**

UnityPoint bills itself as "the nation's fifth largest non-denominational health system" that "provide[s] care throughout Iowa, western Illinois, and southern Wisconsin in non-for-profit hospitals, clinics, and home health settings."[3]

**ANSWER:** Defendant admits that its website currently includes the language quoted in Complaint Paragraph 46. Defendant denies the remaining allegations in Complaint Paragraph 46.

**COMPLAINT ¶47:**

UnityPoint employs workers, including Tisdale and the Putative Class Members, to work at its various healthcare facilities.

**ANSWER:** Defendant IHS denies that it employed Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Complaint Paragraph 47.

**COMPLAINT ¶48:**

UnityPoint uniformly classifies these employees as non-exempt from overtime compensation and pays them on an hourly basis.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 48.

**COMPLAINT ¶49:**

While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 49.

**COMPLAINT ¶50:**

For example, Tisdale has worked for UnityPoint as a Security Officer in Pekin, IL since November 2021.

---

[3] *See* https://www.unitypoint.org/about-unitypoint-health (last visited April 4, 2023).

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 50.

**COMPLAINT ¶51:**

As a Security Officer, Tisdale's primary responsibilities include providing security and supervision of the UnityPoint healthcare facilities to which he is assigned to ensure the overall safety of the facilities by preventing weapons and other contraband from entering the facilities and negatively impacting the healthcare professionals from safely treating patients.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 50.

**COMPLAINT ¶52:**

Throughout his employment, UnityPoint classified Tisdale as non-exempt and paid him on an hourly basis.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 52 and reiterates that it did

not pay Plaintiff.

**COMPLAINT ¶53:**

Throughout his employment, UnityPoint subjected Tisdale to its common practice of automatically deducting 30 minutes from his recorded hours worked and wages each shift for meal breaks, regardless of whether he actually received a *bona fide* meal break.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 53.

**COMPLAINT ¶54:**

Tisdale and the Putative Class Members performed their jobs under UnityPoint's supervision, and using materials, equipment, and technology approved and supplied by UnityPoint.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 54.

**COMPLAINT ¶55:**

UnityPoint requires Tisdale and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 55.

**COMPLAINT ¶56:**

At the end of each pay period, Tisdale and the Putative Class Members received wages from UnityPoint that were determined by common systems and methods that UnityPoint selected and controlled.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 56.

**COMPLAINT ¶57:**

UnityPoint requires its hourly, non-exempt employees, including Tisdale and the Putative Class Members, to record their hours worked using UnityPoint's timeclock system.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 57.

**COMPLAINT ¶58:**

Further, UnityPoint subjects its hourly, non-exempt employees, including Tisdale and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 58.

**COMPLAINT ¶59:**

Specifically, UnityPoint automatically deducts 30 minutes from Tisdale's and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 59.

**COMPLAINT ¶60:**

But UnityPoint fails to provide Tisdale and the Putative Class Members with *bona fide* meal periods.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 60.

**COMPLAINT ¶61:**

Instead, UnityPoint requires Tisdale and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 61.

**COMPLAINT ¶62:**

This unpaid time is compensable under the FLSA and/or IMWL because UnityPoint knew, or should have known, that (1) Tisdale and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 20 consecutive minutes.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 62.

**COMPLAINT ¶63:**

UnityPoint failed to exercise its duty to ensure Tisdale and the Putative Class Members were not performing work that UnityPoint did not want performed during their unpaid "meal breaks."

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 63.

**COMPLAINT ¶64:**

The unpaid time is also compensable under the IWPCA because UnityPoint agreed to pay Tisdale and the Illinois Meal Break Class Members an hourly rate of pay for all time they worked, and UnityPoint failed to pay Tisdale and the Illinois Meal Break Class Members all their earned wages.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 64.

**COMPLAINT ¶65:**

Despite accepting the benefits, UnityPoint did not pay Tisdale and the Putative Class Members for the compensable work they performed during their "meal breaks."

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 65.

**COMPLAINT ¶66:**

Thus, under UnityPoint's uniform automatic meal break deduction policy, Tisdale and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they work in excess of 40 hours in violation of the FLSA and IMWL.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 66.

**COMPLAINT ¶67:**

Likewise, under UnityPoint's uniform automatic meal break deduction policy, Tisdale and the Illinois Meal Break Class Members are denied "straight time" pay for those on-duty "meal breaks" in workweeks in which they work fewer than 40 hours in violation of the IWPCA.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 67.

**COMPLAINT ¶68:**

UnityPoint also subjects Tisdale and the Putative Class Members to its uniform policy of automatically rounding these employees' recorded time punches to the nearest 15-minute increment.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 68.

**COMPLAINT ¶69:**

UnityPoint's uniform rounding policy violates the FLSA and IMWL by depriving Tisdale and the Putative Class Members of overtime pay for all overtime hours worked because UnityPoint fails to include all work time in these employees' total hours worked.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 69.

**COMPLAINT ¶70:**

Likewise, UnityPoint's uniform rounding policy violates the IWPCA by depriving Tisdale and the Illinois Class Members of "straight time" pay for all hours worked up to 40 hours in a workweek because UnityPoint fails to include all work time in these employees' total hours worked.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 70.

**COMPLAINT ¶71:**

Further, in addition to excluding time Tisdale and the Putative Class Members worked during their unpaid "meal breaks," UnityPoint also paid these employees shift differentials and bonuses depending on what type of shifts they worked.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 71.

**COMPLAINT ¶72:**

But UnityPoint failed to include these shift differentials and bonuses in calculating Tisdale and the Putative Class Members' regular rates of pay for overtime purposes.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 72.

**COMPLAINT ¶73:**

UnityPoint's shift differential pay scheme violates the FLSA and IMWL by failing to pay Tisdale and the Putative Class Members overtime wages at rates not less than 1.5 times their regular rates of pay – based on *all* renumeration received – for all overtime hours worked.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 73.

**COMPLAINT ¶74:**

UnityPoint knows Tisdale and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because UnityPoint expects and requires these employees to do so.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 74.

**COMPLAINT ¶75:**

But UnityPoint does not pay Tisdale and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA, IMWL, and/or IWPCA.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 75.

**COMPLAINT ¶76:**

Tisdale worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth

of the allegations in Complaint Paragraph 76.

**COMPLAINT ¶77:**

Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth

of the allegations in Complaint Paragraph 77.

**COMPLAINT ¶78:**

Indeed, UnityPoint typically schedules Tisdale and the Putative Class Members to work 12-hour shifts for 4 days a workweek.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 78.

**COMPLAINT ¶79:**

And Tisdale and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" in order to complete their job duties and responsibilities.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 79.

**COMPLAINT ¶80:**

As a result, Tisdale and the Putative Class Members routinely work in excess of 40 hours in a typical workweek.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 80.

**COMPLAINT ¶81:**

When Tisdale and the Putative Class Members worked more than 40 hours in a workweek, UnityPoint did not pay them 1.5 times their regular hourly rate – based on *all* renumeration received – for all overtime hours worked because UnityPoint failed to include (1) time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek and (2) these employees' shift differentials and bonuses in calculating their regular rates of pay for overtime purposes.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 81.

**COMPLAINT ¶82:**

Likewise, when Tisdale and the Illinois Class Members worked fewer than 40 hours in a workweek, UnityPoint did not pay them "straight time" pay (at their agreed hourly rates) for all hours worked because UnityPoint failed to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 82.

**COMPLAINT ¶83:**

UnityPoint knew, or should have known, it was subject to the FLSA and IMWL, including their respective overtime provisions.

**ANSWER:** Defendant admits that it was aware of its legal obligations and that it complied with them.  Defendant denies the remaining allegations in Complaint Paragraph 83.

**COMPLAINT ¶84:**

UnityPoint knew, or should have known, the FLSA and IMWL require it to pay employees, including Tisdale and the Putative Class Members, overtime wages at rates not less than 1.5 times these employees' regular rates of pay – based on *all* renumeration received – for all hours worked in excess of 40 hours in a workweek.

**ANSWER:** Defendant admits that it was aware of its legal obligations and that it complied with them.  Defendant denies the remaining allegations in Complaint Paragraph 84.

**COMPLAINT ¶85:**

UnityPoint knew, or should have known, Tisdale and the Putative Class Members worked more than 40 hours in a workweek.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 85.

**COMPLAINT ¶86:**

UnityPoint knew, or should have known, Tisdale and the Putative Class Members regularly worked during their unpaid meal breaks because UnityPoint expected and required them to do so.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 86.

**COMPLAINT ¶87:**

UnityPoint knowingly, willfully, and/or in reckless disregard carried out these illegal policies that deprived Tisdale and the Putative Class Members of pay, including overtime compensation at the proper premium rates, for all hours worked in violation of the FLSA, IMWL, and/or IWPCA.

**ANSWER:** Defendant denies the remaining allegations in Complaint Paragraph 87.

**COMPLAINT ¶88:**

Nonetheless, UnityPoint failed to pay Tisdale and the Putative Class Members overtime compensation at the proper premium rate for all hours these employees worked, including those worked in excess of 40 hours in a workweek.

**ANSWER:** Defendant denies the remaining allegations in Complaint Paragraph 88.

**COMPLAINT ¶89:**

Likewise, UnityPoint failed to pay Tisdale and the Illinois Class Members all their wages earned at the rates UnityPoint agreed to pay them for the work they performed for UnityPoint.

**ANSWER:** Defendant denies the remaining allegations in Complaint Paragraph 89.

**COMPLAINT ¶90:**

UnityPoint's failure to pay Tisdale and the Putative Class Members overtime compensation at the proper premium rate for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation at the proper premium rate for all overtime hours worked made in good faith.

**ANSWER:** Defendant denies the remaining allegations in Complaint Paragraph 90.

## CLASS & COLLECTIVE ALLEGATIONS

**COMPLAINT ¶91:**

Tisdale brings his claims as a class and collective action under § 216(b) of the FLSA and FED. R. CIV. P. 23.

**ANSWER:** Defendant admits that Plaintiff purports to assert a class and collective action pursuant to the FLSA and Fed. R. Civ. P. 23, but denies the remaining allegations in Complaint Paragraph 91.

**COMPLAINT ¶92:**

The Putative Class Members were uniformly victimized by UnityPoint's automatic meal break deduction policy and/or UnityPoint's shift differential and bonus pay scheme, which are in willful violation of the FLSA, IMWL, and/or IWPCA.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 92.

**COMPLAINT ¶93:**

Other Putative Class Members worked with Tisdale and indicated they were paid in the same manner and were subject to UnityPoint's same illegal pay policies.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 93.

**COMPLAINT ¶94:**

Based on his experiences with UnityPoint, Tisdale is aware UnityPoint's illegal practices were imposed on the Putative Class Members.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 94.

**COMPLAINT ¶95:**

The Putative Class Members are similarly situated in all relevant respects.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 95.

**COMPLAINT ¶96:**

Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime compensation.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 96.

**COMPLAINT ¶97:**

Therefore, the specific job titles or precise job locations of the various members of the Putative Classes do not prevent class or collective treatment.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 97.

**COMPLAINT ¶98:**

Rather, the Putative Classes are held together by UnityPoint's uniform automatic meal break deduction policy and/or UnityPoint's uniform shift differential and bonus pay scheme that systematically deprived Tisdale and the Putative Class Members of wages, including overtime pay at the proper premium rate based on all renumeration received, for all hours worked, including those hours worked in excess of 40 hours in a workweek.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 98.

**COMPLAINT ¶99:**

The Illinois Meal Break Class Members are similarly denied "straight time" pay when they worked fewer than 40 hours in a workweek.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 99.

**COMPLAINT ¶100:**

The Putative Class Members are similarly denied overtime compensation at the proper premium rate for all overtime hours worked when they work more than 40 hours in a workweek.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 100.

**COMPLAINT ¶101:**

The back wages owed to Tisdale and the Putative Class Members will be calculated using the same records and using the same formula.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 101.

**COMPLAINT ¶102:**

Tisdale's experiences are therefore typical of the experiences of the Putative Class Members.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 102.

**COMPLAINT ¶103:**

Tisdale has no interests contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 103.

**COMPLAINT ¶104:**

Like each Putative Class Member, Tisdale has an interest in obtaining the unpaid wages owed under federal and/or state law.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 104.

**COMPLAINT ¶105:**

A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 105.

**COMPLAINT ¶106:**

Absent a class and collective action, many Putative Class Members will not obtain redress for their injuries, and UnityPoint will reap the unjust benefits of violating the FLSA, IMWL, and IWPCA.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 106.

**COMPLAINT ¶107:**

Further, even if some of the Putative Class Members could afford individual litigation against UnityPoint, it would be unduly burdensome to the judicial system.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 107.

**COMPLAINT ¶108:**

Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 108.

**COMPLAINT ¶109:**

The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 109.

**COMPLAINT ¶110:**

Among the common questions of law and fact are:

a. Whether UnityPoint engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA, IMWL, and/or IWPCA;

b. Whether UnityPoint's automatic meal break deduction policy deprived Tisdale and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA, IMWL, and/or IWPCA;

c. Whether UnityPoint failed to pay Tisdale and the Putative Class Members overtime compensation for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks in violation of the FLSA and IMWL;

d. Whether UnityPoint failed to pay Tisdale and the Illinois Meal Break Class Members "straight time" pay at their agreed hourly rates for all hours worked because UnityPoint failed to include time these employees worked during their meal breaks in their total number of hours worked in a given workweek in violation of the IWPCA;

e. Whether UnityPoint knew, or had reason to know, Tisdale and the Putative Class Members were requested, suffered, permitted, or allowed to work during their unpaid meal breaks in violation of the FLSA, IMWL, and IWPCA;

f. Whether UnityPoint failed to include Tisdale and the Putative Class Members' shift differentials and bonuses in calculating these employees' regular rates of pay for overtime purposes in violation of the FLSA and IMWL;

g. Whether UnityPoint's violations of the FLSA, IMWL, and/or IWPCA resulted from a continuing course of conduct;

h. Whether UnityPoint's decision not to pay Tisdale and the Putative Class Members overtime compensation at the proper premium rate for all overtime hours worked was made in good faith; and

i. Whether UnityPoint's violations of the FLSA, IMWL, and/or IWPCA were willful.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 110, including the allegations in subparagraphs a.-i.

**COMPLAINT ¶111:**

Tisdale and the Putative Class Members sustained damages arising out of UnityPoint's illegal and uniform employment policy.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 111.

**COMPLAINT ¶112:**

Tisdale knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of what Plaintiff knows.  Defendant denies the remaining allegations in Complaint Paragraph 112.

**COMPLAINT ¶113:**

Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to UnityPoint's records, and there is no detraction from the common nucleus of liability facts.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 113.

**COMPLAINT ¶114:**

Therefore, the issue of damages does not preclude class or collective treatment.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 114.

**COMPLAINT ¶115:**

UnityPoint is liable under the IWPCA for failing to pay Tisdale and the Illinois Meal Break Class Members "straight time" pay (at their agreed hourly rates) for all hours worked when they work fewer than 40 hours in a workweek.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 115.

**COMPLAINT ¶116:**

UnityPoint is liable under the FLSA and IMWL for failing to pay Tisdale and the Putative Class Members overtime compensation at the proper premium rate for all overtime hours worked when they work more than 40 hours in a workweek.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 116.

**COMPLAINT ¶117:**

Consistent with UnityPoint's illegal automatic meal break deduction policy, Tisdale and the Illinois Class Members were not paid "straight time" pay (at their agreed hourly rates) for all hours worked when they worked fewer than 40 hours in a workweek.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 117.

**COMPLAINT ¶118:**

Consistent with UnityPoint's illegal automatic meal break deduction policy, Tisdale and the Putative Class Members were not paid overtime compensation for all overtime hours worked when they worked more than 40 hours in a workweek.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 118.

**COMPLAINT ¶119:**

Consistent with UnityPoint's illegal shift differential and bonus pay scheme, Tisdale and the Putative Class Members were not paid overtime compensation at the proper premium rate based on *all* renumeration received.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 119.

**COMPLAINT ¶120:**

As part of its regular business practices, UnityPoint intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, IMWL, and/or IWPCA with respect to Tisdale and the Putative Class Members.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 120.

**COMPLAINT ¶121:**

UnityPoint's illegal policies deprived Tisdale and the Putative Class Members of wages, including overtime compensation at the proper premium rate for all overtime hours worked, which they are owed under federal and/or state law.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 121.

**COMPLAINT ¶122:**

There are many similarly situated FLSA Collective Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 122.

**COMPLAINT ¶123:**

This notice should be sent to the FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 123.

**COMPLAINT ¶124:**

Those similarly situated employees are known to UnityPoint, are readily identifiable, and can be located through UnityPoint's records.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 124.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FLSA**
**(FLSA COLLECTIVES)**

**COMPLAINT ¶125:**

Tisdale realleges and incorporates all other paragraphs by reference.

**ANSWER:** Defendant incorporates its answers to the allegations of Plaintiff's Complaint as though fully set forth herein.

**COMPLAINT ¶126:**

Tisdale brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

**ANSWER:** Defendant admits that Plaintiff purports to assert a collective action pursuant to the FLSA, but denies the remaining allegations in Complaint Paragraph 126.

**COMPLAINT ¶127:**

UnityPoint violated, and is violating, the FLSA by failing to pay Tisdale and the FLSA Collective Members overtime wages at rates not less than 1.5 times these employees' regular rates of pay – based on *all* renumeration received – for all hours worked in excess of 40 in a single workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 127.

**COMPLAINT ¶128:**

Throughout the relevant period, UnityPoint expected and required Tisdale and the FLSA Collective Members to remain on-duty and be available to work during their unpaid meal breaks.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 128.

**COMPLAINT ¶129:**

Throughout the relevant period, UnityPoint paid Tisdale and the FLSA Collective Members shift differentials and bonuses that it failed to include in its calculations on these employees' regular rates of pay for overtime purposes.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 129.

**COMPLAINT ¶130:**

Tisdale and the FLSA Collective Members have been harmed as a direct and proximate result of UnityPoint's unlawful conduct because they have been deprived of wages owed for work that they performed and from which UnityPoint derived a direct and substantial benefit.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 130.

**COMPLAINT ¶131:**

UnityPoint knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Tisdale and the FLSA Collective Members overtime compensation at the proper premium rate for all overtime hours worked.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 131.

**COMPLAINT ¶132:**

UnityPoint's failure to pay Tisdale and the FLSA Collective Members overtime compensation at the proper premium rate for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation at the proper premium rate for all overtime hours worked made in good faith.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 132.

**COMPLAINT ¶133:**

Accordingly, Tisdale and the FLSA Collective Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 133.

<b>SECOND CAUSE OF ACTION<br>VIOLATIONS OF THE IMWL<br>(ILLINOIS CLASSES ONLY)</b>

**COMPLAINT ¶134:**

Tisdale realleges and incorporates all other paragraphs by reference.

**ANSWER:** Defendant incorporates its answers to the allegations of Plaintiff's Complaint as though fully set forth herein.

**COMPLAINT ¶135:**

Tisdale brings his claim under the IMWL as a Rule 23 class action.

**ANSWER:** Defendant admits that Plaintiff purports to assert a class action pursuant to the IWML and Fed. R. Civ. P. 23, but denies the remaining allegations in Complaint Paragraph 135.

**COMPLAINT ¶136:**

The conduct alleged violates the IMWL (820 ILCS 105/1, *et seq*.).

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 136.

**COMPLAINT ¶137:**

UnityPoint violated, and is violating, the IMWL by failing to pay Tisdale and the Illinois Class Members overtime compensation at the proper premium rate for all hours worked in excess of 40 in a workweek.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 137.

**COMPLAINT ¶138:**

At all relevant times, UnityPoint was subject to the requirements of the IMWL.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 138.

**COMPLAINT ¶139:**

At all relevant times, UnityPoint employed Tisdale and the Illinois Class Members as "employees" within the meaning of the IMWL.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 139.

**COMPLAINT ¶140:**

The IMWL requires employers, like UnityPoint, to pay employees at a rate not less than 1.5 times their regular rate of pay – based on *all* renumeration received – for all hours worked in excess of 40 hours in any one workweek.

**ANSWER:**  Complaint Paragraph 140 contains only conclusions of law to which no response is required.

**COMPLAINT ¶141:**

Tisdale and the Illinois Class Members are entitled to overtime pay under the IMWL.

**ANSWER:**  Defendant admits that it paid its employees overtime pay under the IMWL when they worked in excess of 40 hours in a workweek.  Defendant denies the remaining allegations in Complaint Paragraph 141.

**COMPLAINT ¶142:**

UnityPoint's automatic meal break deduction policy violates the IMWL because it deprives Tisdale and the Illinois Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek. *See* 820 ILCS 105/4a.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 142.

**COMPLAINT ¶143:**

Further, UnityPoint's shift differential and bonus pay scheme violates the IMWL because it deprives Tisdale and the Illinois Class Members of overtime pay at rates not less than 1.5 times their regular rates of pay – based on *all* renumeration received – for all overtime hours worked. *See* 820 ILCS 105/4a.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 143.

**COMPLAINT ¶144:**

Accordingly, Tisdale and the Illinois Class Members are entitled to recover their unpaid overtime compensation owed from the 3 years prior to the filing of this Complaint, treble damages, as well as monthly statutory damages on these amounts at the highest applicable rates, plus attorney's fees, costs, and expenses. *See* 820 ILCS 105/12(a).

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 144.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE IWPCA**
**(ILLINOIS MEAL BREAK CLASS ONLY)**

**COMPLAINT ¶145:**

Tisdale realleges and incorporates all other paragraphs by reference.

**ANSWER:** Defendant incorporates its answers to the allegations of Plaintiff's Complaint as though fully set forth herein.

**COMPLAINT ¶146:**

Tisdale brings his claim under the IWPCA as a Rule 23 class action.

**ANSWER:** Defendant admits that Plaintiff purports to assert a class action pursuant to the IWCPA and Fed. R. Civ. P. 23, but denies the remaining allegations in Complaint Paragraph 146.

**COMPLAINT ¶147:**

The conduct alleged violates the IWPCA (820 ILCS 115/1, *et seq.*).

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 147.

**COMPLAINT ¶148:**

UnityPoint violated, and is violating, the IWPCA by failing to pay Tisdale and the Illinois Meal Break Class Members all wages earned for all hours worked at the hourly rates UnityPoint agreed to pay them for the work they performed.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 148.

**COMPLAINT ¶149:**

At all relevant times, UnityPoint was subject to the requirements of the IWPCA.

**ANSWER:** Defendant admits the allegations in Complaint Paragraph 149.

**COMPLAINT ¶150:**

At all relevant times, UnityPoint employed Tisdale and the Illinois Meal Break Class Members as "employees" within the meaning of the IWPCA.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 150.

**COMPLAINT ¶151:**

The IWPCA requires employers, like UnityPoint, to pay employees for all time they worked at the rate agreed to by the parties.

**ANSWER:** Complaint Paragraph 151 contains only legal conclusions to which no response is required.

**COMPLAINT ¶152:**

During the course of their employment, UnityPoint agreed to pay Tisdale and each Illinois Meal Break Class Member an hourly rate for all hours they worked under and up to 40 hours in a workweek.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 152.

**COMPLAINT ¶153:**

Tisdale and each Illinois Meal Break Class Member accepted UnityPoint's offer.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 153.

**COMPLAINT ¶154:**

But during the course of their employment, UnityPoint failed to pay Tisdale and the Illinois Meal Break Class Members for all time they worked at the rates UnityPoint agreed to pay them for the work they performed because UnityPoint automatically deducted 30 minutes/shift from these employees' recorded hours worked.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 154.

**COMPLAINT ¶155:**

UnityPoint's automatic meal break deduction policy violates the IWPCA because it deprives Tisdale and the Illinois Meal Break Class Members of pay for all hours worked at the rates UnityPoint agreed to pay them.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 155.

**COMPLAINT ¶156:**

Accordingly, Tisdale and the Illinois Meal Break Class Members are entitled to recover their unpaid "straight time" compensation (at their agreed hourly rates) owed from the 10 years prior to the filing of this Complaint, treble damages, as well as monthly statutory damages on

these amounts at the highest applicable rates, plus attorney's fees, costs, and expenses. *See* 820 ILCS 115/14(a).

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 156.

## JURY DEMAND

**COMPLAINT ¶157:**

Tisdale demands a trial by jury.

**ANSWER:** Defendant admits that Plaintiff demands a trial by jury.

## RELIEF SOUGHT

**PLAINTIFF'S PRAYER FOR RELIEF:**

WHEREFORE, Tisdale, individually and on behalf of the Putative Class Members, seeks the following relief:

a. An Order designating the FLSA Collectives as collective actions and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all FLSA Collective Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. An Order designating the Illinois Classes as class actions pursuant to FED. R. CIV. P. 23;

c. An Order appointing Tisdale and his counsel to represent the interests of the FLSA Collectives and Illinois Classes;

d. An Order pursuant to Section 16(b) of the FLSA finding UnityPoint liable for unpaid back wages due to Tisdale and the FLSA Collective Members, as well as for liquidated damages in an amount equal to their unpaid compensation;

e. An Order finding UnityPoint liable to Tisdale and the Illinois Class Members for unpaid overtime compensation owed under the IMWL, treble damages, as well as monthly statutory damages at the rate of 5% per month in the amount of the underpayment;

f. An Order finding UnityPoint liable to Tisdale and the Illinois Meal Break Class Members for unpaid "straight time" wages owed under the IWPCA, treble damages, as well as monthly statutory damages at the rate of 5% per month in the amount of the underpayment;

g. Judgment awarding Tisdale and the Putative Class Members all unpaid compensation and other damages available under the FLSA, IMWL, and IWPCA;

h. An Injunction precluding UnityPoint from violating the IWPCA;

i. An Order awarding attorney's fees, costs, and expenses;

j. Pre- and post-judgment interest at the highest applicable rates; and

k. Such other and further relief as may be necessary and appropriate.

**ANSWER:** Defendant denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1.      Defendant acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices and was in good faith compliance with the FLSA with respect to Plaintiff and/or potential collective action members.

2.      Plaintiff's claims and those of potential collective and class action members are barred, in whole or in part, by the applicable statute of limitations.

3       Plaintiff's claims and those of potential collective and class action members are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under the FLSA and applicable state law.

4.      The Court lacks specific personal jurisdiction over any non-resident opt-in plaintiffs. *See Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017).

Defendant reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of the litigation.

Dated: May 23, 2023                     Respectfully submitted,

IOWA HEALTH SYSTEM

*/s/ Christina Jaremus*
Noah A. Finkel
Christina Jaremus
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
(312) 460-5000
nfinkel@seyfarth.com
cjaremus@seyfarth.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on May 23, 2023, the foregoing was filed with the

Clerk of the Court via the Court's CM/ECF system, which will send a true and correct copy of

the same to all counsel of record via e-mail/Notice of Electronic Filing:

/s/ Christina Jaremus
Christina Jaremus