UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WILLIAM TISDALE, Individually and for Others Similarly Situated, <br><br> v. <br><br> IOWA HEALTH SYSTEM d/b/a UNITYPOINT HEALTH. | Case No. 1:23-cv-01142-MMM-JEH <br><br> Jury Trial Demanded <br><br> FLSA Collective Action <br> Rule 23 Class Action |

**UNOPPOSED MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT**

Plaintiff William Tisdale ("Plaintiff") individually and on behalf of other similarly situated employees, hereby files his unopposed Motion for Leave to File First Amended Complaint. A copy of which is attached hereto as **Exhibit A**. Plaintiff seeks leave to file his First Amended Complaint to remove his shift differential claims of Defendant improperly calculating Plaintiff's overtime rate. Furthermore, Plaintiff clarifies his willfulness allegations in his amended complaint. Defendant does not oppose this motion. This does not affect the Court's current scheduling order.

1. **Procedural Background**

On April 6, 2023, Plaintiff filed the instant action as a class and collective action under Rule 23 and the Fair Labor Standards Act (FLSA). Doc. 1. Therein, Plaintiff alleged Iowa Health System d/b/a Unity Point Health failed to pay Plaintiff and the putative class members for all hours worked and due to bonuses and shift differentials, failed to calculate their regular rate properly for purposes of calculating their overtime rate. *Id.* Counsel for both parties have discussed the claims and believe Plaintiff's shift differential claims should be removed based on Defendant's documentation. *See* Exhibit A.

2. **Argument**

Federal Rule of Civil Procedure 15 requires a party to amend its pleading within 21 days after

1

serving it, unless leave of Court is granted. *See* FED. R. CIV. P. 15(a). Specifically, the Rule provides that, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* Importantly, the Rule states that the Court "should freely give leave when justice so requires. *Id.*

This will not affect the Courts current scheduling order and is within the deadline to amend the complaint. *See* Doc. 22 (Text Order by the Court adopting the discovery plan); Doc. 19 (Parties Rule 26(f) Report setting the deadline for amendment of pleadings to September 20, 2023).

Courts often consider five factors in determining whether to grant leave to amend: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *Topudurti v. Fischer*, No. 21-2049, 2022 WL 18937963, at *1 (C.D. Ill. Oct. 31, 2022).

   a. **Undue Delay**

Plaintiff has not unduly delayed. Plaintiff acted promptly as soon as his counsel and Defendant's counsel discussed the claims. The deadline to amend is not until September 20, 2023. Doc. 22; Doc. 19. Plaintiff seeks to amend his Complaint well before the deadline.

   b. **Bad Faith or Dilatory Motive**

Plaintiff acts neither in bad faith nor with a dilatory motive. Plaintiff merely attempts to further narrow his claim based on the records of Defendant.

   c. **Repeated Failure to Cure Deficiencies by Previous Amendments**

This is Plaintiff's first sought amendment.

   d. **Undue Prejudice to the Opposing Party**

Defendant will not be prejudiced by Plaintiff's Amended Complaint. In fact, Defendant does not oppose Plaintiff's request for leave to file an amended complaint.

   e. **Futility of Amendment**

Amendment is not futile. Leave to amend will promote the interests of justice and judicial economy.

**3. Conclusion**

For these reasons, Plaintiff respectfully requests that this Court grant this motion and permit the filing of the First Amended Complaint, Exhibit A, and for any further relief to which he may be entitled.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
Michael A. Josephson*
Andrew W. Dunlap*
Olivia R. Beale*
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
obeale@mybackwages.com

Douglas M. Werman
Maureen A. Salas
**WERMAN SALAS P.C.**
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
312-419-1008 – Telephone
dwerman@flsalaw.com
msalas@flsalaw.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

3

          William C. (Clif) Alexander*
          Austin W. Anderson*
          **ANDERSON ALEXANDER PLLC**
          101 N. Shoreline Blvd., Suite 610
          Corpus Christi, Texas 78401
          361-452-1279 – Telephone
          361-452-1284 – Facsimile
          clif@a2xlaw.com
          austin@a2xlaw.com
          *\*Admitted pro hac vice*

          **ATTORNEYS FOR PLAINTIFF &**
          **THE PUTATIVE CLASS MEMBERS**

## CERTIFICATE OF SERVICE

I served this document by ECF electronic filing on all known parties in accordance with the Federal Rules of Civil Procedure.

          */s/ Andrew W. Dunlap*
          Andrew W. Dunlap

## CERTIFICATE OF CONFERENCE

I conferred with counsel for Defendant regarding the relief sought herein and it is Unopposed to the filing of this motion.

          */s/ Andrew W. Dunlap*
          Andrew W. Dunlap