**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| WILLIAM TISDALE, Individually and for Others Similarly Situated, | |
| Plaintiff, | Case No. 1:23-cv-01142 |
| v. | Judge Michael M. Mihm |
| IOWA HEALTH SYSTEM d/b/a UNITYPOINT HEALTH, | Magistrate Judge Jonathan E. Hawley |
| Defendant. | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

Defendant Iowa Health System ("Defendant" or "IHS"), pursuant to Rules 8, 12, and 15 of

the Federal Rules of Civil Procedure states as follows for its Answer and Affirmative Defenses to

Plaintiff's First Amended Collective Action Complaint:

**SUMMARY**

**COMPLAINT ¶1:**

William Tisdale ("Tisdale") brings this class and collective action to recover unpaid wages,
overtime wages, and other damages from Iowa Health System d/b/a UnityPoint Health
("UnityPoint").

**ANSWER:**  Defendant admits that Plaintiff purports to assert a class and collective action against

Defendant seeking the relief described, but denies the remaining allegations in Complaint

Paragraph 1.

**COMPLAINT ¶2:**

Tisdale works for UnityPoint as a Security Officer at UnityPoint facilities in Illinois.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 2.  Answering further,

Defendant IHS denies that it employs Plaintiff.

**COMPLAINT ¶3:**

Like the Putative Class Members (as defined below), Tisdale regularly works more than 40 hours in a workweek.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 3.

**COMPLAINT ¶4:**

But UnityPoint does not pay them for all the hours they work.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 4.

**COMPLAINT ¶5:**

Instead, UnityPoint automatically deducts 30 minutes a day from these employees' work time for so-called meal breaks.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 5.

**COMPLAINT ¶6:**

Tisdale and the Putative Class Members are thus not paid for that time.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 6.

**COMPLAINT ¶7:**

But Tisdale and the Putative Class Members do not actually receive *bona fide* meal breaks.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 7.

**COMPLAINT ¶8:**

Instead, UnityPoint requires Tisdale and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions, including during their unpaid "meal breaks."

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 8.

**COMPLAINT ¶9:**

UnityPoint's auto-deduction policy violates the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL") by depriving Tisdale and the Putative Class Members of overtime wages for all overtime hours worked.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 9.

97680020v.2

**COMPLAINT ¶10:**

Likewise, UnityPoint's auto-deduction policy violates the Illinois Wage Payment and Collection Act ("IWPCA") by depriving Tisdale and the Putative Class Members of earned wages (at their agreed hourly rates) for all hours worked.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 10.

## JURISDICTION & VENUE

**COMPLAINT ¶11:**

This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

**ANSWER:** Defendant admits that this Court has jurisdiction over Plaintiff's FLSA claims

pursuant to the statutes cited, but denies the remaining allegations in Complaint Paragraph 11.

**COMPLAINT ¶12:**

The Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

**ANSWER:** Defendant admits that this Court has jurisdiction over Plaintiff's state-law claims

pursuant to the statute cited, but denies the remaining allegations in Complaint Paragraph 12.

**COMPLAINT ¶13:**

This Court has specific personal jurisdiction over UnityPoint with respect to this action because UnityPoint conducts substantial business — such as employing workers (like Tisdale) – throughout Illinois, including in this District and Division.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 13.

**COMPLAINT ¶14:**

Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims occurred in this District and Division. 28 U.S.C. § 1391(b) (2).

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 14.

**COMPLAINT ¶15:**

Specifically, Tisdale works for UnityPoint in and around Peoria and Pekin, Illinois, which is in this District and Division.

97680020v.2

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 15.

**PARTIES**

**COMPLAINT ¶16:**

Tisdale has worked for UnityPoint as a Security Officer at UnityPoint facilities in and around Peoria and Pekin, IL since approximately November 2021.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 16.

**COMPLAINT ¶17:**

Throughout his employment, UnityPoint classified Tisdale as non-exempt and paid him on an hourly basis.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 17.

**COMPLAINT ¶18:**

Throughout his employment, UnityPoint subjected Tisdale to its common practice of automatically deducting 30 minutes a day from his recorded work time for so-called "meal breaks."

**ANSWER:** Defendant denies the allegations of Complaint Paragraph 18.

**COMPLAINT ¶19:**

But throughout his employment, Tisdale did not actually receive *bona fide* meal breaks.

**ANSWER:** Defendant denies the allegations of Complaint Paragraph 19.

**COMPLAINT ¶20:**

Tisdale's written consent was already filed. *See* Doc. 1-1.

**ANSWER:** Defendant admits the allegations in Complaint Paragraph 20.

**COMPLAINT ¶21:**

Tisdale brings this action on behalf of himself and other similarly situated hourly, non-exempt UnityPoint employees who were subject to UnityPoint's automatic meal break deduction policy.

**ANSWER:** Defendant admits that Plaintiff purports to assert the claim described, but denies the remaining allegations in Complaint Paragraph 21.

97680020v.2

**COMPLAINT ¶22:**

UnityPoint automatically deducts 30 minutes a day from these employees recorded work time (and wages) for so-called "meal breaks."

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 22.

**COMPLAINT ¶23:**

But these employees do not actually receive *bona fide* meal breaks.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 23.

**COMPLAINT ¶24:**

Instead, UnityPoint uniformly requires these employees to remain on-duty and perform compensable work throughout their shifts, including during their unpaid "meal breaks."

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 24.

**COMPLAINT ¶25:**

Thus, UnityPoint uniformly deprives these employees of overtime wages for all hours worked after 40 in a workweek in violation of the FLSA and/or IMWL.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 25.

**COMPLAINT ¶26:**

Likewise, UnityPoint uniformly deprives these employees of earned wages (at their agreed hourly rates) for all hours worked in violation of the IWPCA.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 26.

**COMPLAINT ¶27:**

The FLSA Collective of similarly situated employees is defined as:

**All hourly, non-exempt UnityPoint employees who received an automatic meal period deduction at any time during the past 3 years ("FLSA Collective Members").**

**ANSWER:** Defendant admits that Plaintiff purports to assert claims pursuant to the FLSA as a collective action but denies the remaining allegations in Complaint Paragraph 27.

**COMPLAINT ¶28:**

Tisdale also seeks to represent such a class under the IMWL and IWPCA pursuant to Fed. R. Civ. P. 23.

**ANSWER:** Defendant admits that Plaintiff purports to assert claims pursuant to Illinois state law on a class basis but denies the remaining allegations in Complaint Paragraph 28.

**COMPLAINT ¶29:**

The Illinois Class of similarly situated employees is defined as:

**All hourly, non-exempt UnityPoint[1] employees who received an automatic meal period deduction while working in Illinois at any time during the past 10 years ("Illinois Class Members").**

**ANSWER:** Defendant admits that Plaintiff purports to assert claims pursuant to Illinois state law on a class basis but denies the remaining allegations in Complaint Paragraph 29, including the allegations in footnote 1.

**COMPLAINT ¶30:**

The FLSA Collective Members and Illinois Class Members are collectively referred to as the "Putative Class Members."

**ANSWER:** Defendant admits that Plaintiff purports to assert claims pursuant to the FLSA and Illinois state law on a collective and class basis on behalf of those described but denies the remaining allegations in Complaint Paragraph 30.

**COMPLAINT ¶31:**

UnityPoint is an Iowa not-for-profit corporation that maintains its headquarters in Des Moines, Iowa.

---

[1] The Illinois Meal Break Class expressly includes any employees who worked for Iowa Health System prior to its 2013 rebranding to UnityPoint Health. *See* https://www.unitypoint.org/about-unitypoint-health ("Until 2013, [UnityPoint] w[as] known as Iowa Health System.") (last visited August 10, 2023).

6

**ANSWER:** Defendant admits that IHS is an Iowa not-for-profit corporation that maintains its headquarters in Des Moines, Iowa.  Defendant denies the remaining allegations in Complaint Paragraph 31.

**COMPLAINT ¶32:**

Until 2013, UnityPoint operated under the name "Iowa Health System."[2]

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 32.

**COMPLAINT ¶33:**

UnityPoint has already been served with process and appeared in this case. *See* Doc. 5; Doc. 15.

**ANSWER:** Defendant admits that IHS was served with process and appeared in this case. Defendant denies the remaining allegations in Complaint Paragraph 33.

**COVERAGE UNDER THE FLSA**

**COMPLAINT ¶34:**

At all relevant times, UnityPoint was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:** Defendant admits the allegations in Complaint Paragraph 34.

**COMPLAINT ¶35:**

At all relevant times, UnityPoint, as a hospital network and institution primarily engaged in healthcare, was an "enterprise" within the meaning of Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203 (r) (2) (A) .

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 35.

**COMPLAINT ¶36:**

At all relevant times, UnityPoint was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1)(B) of the FLSA, 29 U.S.C. § 203(s)(1)(B), because UnityPoint, as a hospital network, is engaged in the operation of a hospital and an institution primarily engaged in providing healthcare services.

---

[2] *See* https://www.unitypoint.org/about-unitypoint-health (last visited April 4, 2023).

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 36.

**COMPLAINT ¶37:**

In each of the last 3 years, UnityPoint has had an annual gross volume of sales made or business done of not less than $500,000 each year.

**ANSWER:** Defendant admits that IHS has had an annual gross volume of sales made or business done of not less than $500,000 each year in each of the last three years. Defendant denies the remaining allegations in Complaint Paragraph 37.

**COMPLAINT ¶38:**

At all relevant times, Tisdale and the FLSA Collective Members were UnityPoint's "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(3).

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 38.

**COMPLAINT ¶39:**

At all relevant times, Tisdale and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 39.

**COMPLAINT ¶40:**

UnityPoint uniformly deducted 30 minutes/shift from Tisdale's and the FLSA Collective Members' wages for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 40.

**COMPLAINT ¶41:**

As a result, UnityPoint failed to pay Tisdale and the FLSA Collective Members for this compensable work, including overtime wages, in violation of the FLSA.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 41.

**COMPLAINT ¶42:**

UnityPoint's automatic meal break deduction policy, which deprives Tisdale and the FLSA Collective Members of overtime compensation for all overtime hours worked during the weeks in which these employees work over 40 hours, violates the FLSA. 29 U.S.C. § 207(a) & (e).

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 42.

97680020v.2

## FACTUAL ALLEGATIONS

**COMPLAINT ¶43:**

UnityPoint bills itself as "the nation's fifth largest non-denominational health system" that "provide[s] care throughout Iowa, western Illinois, and southern Wisconsin in non-for-profit hospitals, clinics, and home health settings."[3]

**ANSWER:**  Defendant admits that its website currently includes the language quoted in Complaint Paragraph 43.  Defendant denies the remaining allegations in Complaint Paragraph 43.

**COMPLAINT ¶44:**

UnityPoint employs workers, including Tisdale and the Putative Class Members, to work at its various healthcare facilities.

**ANSWER:**  Defendant IHS denies that it employed Plaintiff and denies this it employed every single individual who opted into this case to date.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Complaint Paragraph 44.

**COMPLAINT ¶45:**

UnityPoint uniformly classifies these employees as non-exempt from overtime compensation and pays them on an hourly basis.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 45.

**COMPLAINT ¶46:**

While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 46.

**COMPLAINT ¶47:**

For example, Tisdale has worked for UnityPoint as a Security Officer in Pekin, IL since November 2021.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 47.

---

[3] *See* https://www.unitypoint.org/about-unitypoint-health (last visited August 10, 2023).

97680020v.2

**COMPLAINT ¶48:**

As a Security Officer, Tisdale's primary responsibilities include providing security and supervision of the UnityPoint healthcare facilities to which he is assigned to ensure the overall safety of the facilities by preventing weapons and other contraband from entering the facilities and negatively impacting the healthcare professionals from safely treating patients.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 48.

**COMPLAINT ¶49:**

Throughout his employment, UnityPoint classified Tisdale as non-exempt and paid him on an hourly basis.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 49.

**COMPLAINT ¶50:**

Throughout his employment, UnityPoint subjected Tisdale to its common practice of automatically deducting 30 minutes from his recorded hours worked and wages each shift for meal breaks, regardless of whether he actually received a *bona fide* meal break.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 50.

**COMPLAINT ¶51:**

But throughout his employment, Tisdale did not actually receive *bona fide* meal breaks.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 51.

**COMPLAINT ¶52:**

Tisdale and the Putative Class Members performed their jobs under UnityPoint's supervision, and using materials, equipment, and technology approved and supplied by UnityPoint.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 52.

**COMPLAINT ¶53:**

UnityPoint requires Tisdale and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 53.

97680020v.2

**COMPLAINT ¶54:**

At the end of each pay period, Tisdale and the Putative Class Members received wages from UnityPoint that were determined by common systems and methods that UnityPoint selected and controlled.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 54.

**COMPLAINT ¶55:**

UnityPoint requires its hourly, non-exempt employees, including Tisdale and the Putative Class Members, to record their hours worked using UnityPoint's timeclock system.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 55.

**COMPLAINT ¶56:**

Further, UnityPoint subjects its hourly, non-exempt employees, including Tisdale and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 56.

**COMPLAINT ¶57:**

Specifically, UnityPoint automatically deducts 30 minutes a day from Tisdale's and the Putative Class Members' recorded work time for meal periods.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 57.

**COMPLAINT ¶58:**

UnityPoint automatically deducts this time regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 58.

**COMPLAINT ¶59:**

Indeed, UnityPoint simply assumes Tisdale and the Putative Class Members receive *bona fide* meal breaks each shift they work.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 59.

**COMPLAINT ¶60:**

But UnityPoint fails to provide Tisdale and the Putative Class Members with *bona fide* meal periods.

11

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 60.

**COMPLAINT ¶61:**

And Tisdale and the Putative Class Members do not actually receive *bona fide* meal breaks.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 61.

**COMPLAINT ¶62:**

Instead, UnityPoint requires Tisdale and the Putative Class Members to remain on-duty and perform compensable work throughout their shifts.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 62.

**COMPLAINT ¶63:**

And UnityPoint continuously subjects them to work interruptions during their unpaid meal periods.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 63.

**COMPLAINT ¶64:**

Because of these constant work interruptions, Tisdale and the Putative Class Members are not free to engage in personal activities during their unpaid meal periods.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 64.

**COMPLAINT ¶65:**

Rather, during their unpaid meal periods, Tisdale and the Putative Class Members are necessarily forced to substantially perform their regular job duties.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 65.

**COMPLAINT ¶66:**

Thus, Tisdale and the Putative Class Members routinely spend their unpaid "meal breaks" performing work for UnityPoint's—not these employees'—predominant benefit.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 66.

**COMPLAINT ¶67:**

This unpaid time is compensable under the FLSA and/or IMWL because UnityPoint knew, or should have known, that (1) Tisdale and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work

demands, (4) the meal period was less than 20 consecutive minutes, (5) they were not free to engage in personal activities during their meal periods because of constant work interruptions, (6) they remained on UnityPoint's premises and under UnityPoint's supervision, and/or (8) they spent their unpaid meal periods substantially performing their regular job duties for UnityPoint's predominant benefit.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 67.

**COMPLAINT ¶68:**

The unpaid time is also compensable under the IWPCA because UnityPoint agreed to pay Tisdale and the Illinois Class Members an hourly rate of pay for all time they worked, and UnityPoint failed to pay Tisdale and the Illinois Class Members all their earned wages.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 68.

**COMPLAINT ¶69:**

UnityPoint failed to exercise its duty as Tisdale's and the Putative Class Members' employer to ensure these employees were not performing work that UnityPoint did not want performed during their unpaid "meal breaks."

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 69.

**COMPLAINT ¶70:**

UnityPoint knows Tisdale and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because UnityPoint expects and requires these employees to do so.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 70.

**COMPLAINT ¶71:**

Despite accepting the benefits, UnityPoint did not pay Tisdale and the Putative Class Members for the compensable work they performed during their "meal breaks."

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 71.

**COMPLAINT ¶72:**

Thus, under UnityPoint's uniform automatic meal break deduction policy, Tisdale and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" during workweeks in which they work more than 40 hours in violation of the FLSA and/or IMWL.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 72.

97680020v.2

**COMPLAINT ¶73:**

Likewise, under UnityPoint's uniform automatic meal break deduction policy, Tisdale and the Illinois Class Members are denied earned wages (at their agreed hourly rates) for those on-duty "meal breaks" in workweeks in which they work fewer than 40 hours in violation of the IWPCA.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 73.

**COMPLAINT ¶74:**

Further, in addition to automatically deduction time from these employees' wages for "meal breaks," UnityPoint also subjects Tisdale and the Putative Class Members to its uniform policy of automatically rounding their recorded time punches to the nearest 15-minute increment to UnityPoint's—not these employees'—predominant benefit.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 74.

**COMPLAINT ¶75:**

UnityPoint's uniform rounding policy violates the FLSA and IMWL by depriving Tisdale and the Putative Class Members of overtime pay for all overtime hours worked because UnityPoint fails to include all work time in these employees' total hours worked.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 75.

**COMPLAINT ¶76:**

Likewise, UnityPoint's uniform rounding policy violates the IWPCA by depriving Tisdale and the Illinois Class Members of earned wages (at their agreed hourly rates) for all hours worked up to 40 hours in a workweek because UnityPoint fails to include all work time in these employees' total hours worked.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 76.

**COMPLAINT ¶77:**

Tisdale worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

**ANSWER:**  Defendant admits the allegations in Complaint Paragraph 77.

**COMPLAINT ¶78:**

Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint Paragraph 78.

**COMPLAINT ¶79:**

Indeed, Tisdale and the Putative Class Members typically work 12-hour shifts for at least 4 days a workweek.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 79.

**COMPLAINT ¶80:**

And Tisdale and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" in order to complete their job duties and responsibilities.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 80.

**COMPLAINT ¶81:**

As a result, Tisdale and the Putative Class Members routinely work in excess of 40 hours in a typical workweek.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 81.

**COMPLAINT ¶82:**

When Tisdale and the Putative Class Members worked more than 40 hours in a workweek, UnityPoint did not pay them overtime wages at rates not less than 1.5 times their regular rates of pay for all overtime hours worked because UnityPoint failed to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek in violation of the FLSA and/or IMWL.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 82.

**COMPLAINT ¶83:**

Likewise, when Tisdale and the Illinois Class Members worked fewer than 40 hours in a workweek, UnityPoint did not pay them all their earned wages (at their agreed hourly rates) for all hours worked because UnityPoint failed to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek in violation of the IWPCA.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 83.

15

## CLASS & COLLECTIVE ACTION ALLEGATIONS

**COMPLAINT ¶84:**

Tisdale incorporates all other paragraphs by reference.

**ANSWER:** Defendant incorporates by reference all of its answers to Complaint Paragraphs 1-

83 as if fully stated herein in response to Complaint Paragraph 84.

**COMPLAINT ¶85:**

Tisdale brings his claims as a class and collective action on behalf of himself and the Putative Class Members.

**ANSWER:** Defendant admits that Plaintiff purports to assert a class and collective action, but

denies the remaining allegations in Complaint Paragraph 85.

**COMPLAINT ¶86:**

The Putative Class Members were uniformly victimized by UnityPoint's automatic meal break deduction policy, which is in willful violation of the FLSA, IMWL, and/or IWPCA.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 86.

**COMPLAINT ¶87:**

Other Putative Class Members worked with Tisdale and indicated they were paid in the same manner and were subject to UnityPoint's same illegal pay policies.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 87.

**COMPLAINT ¶88:**

Based on his experiences with UnityPoint, Tisdale is aware UnityPoint's illegal practices were imposed on the Putative Class Members.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 88.

**COMPLAINT ¶89:**

The Putative Class Members are similarly situated in all relevant respects.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 89.

97680020v.2

**COMPLAINT ¶90:**

Even if their precise job duties and locations might vary, these differences do not matter for the purposes of determining their entitlement to overtime compensation.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 90/

**COMPLAINT ¶91:**

Therefore, the specific job titles or precise job locations of the various Putative Class Members do not prevent class or collective treatment.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 91.

**COMPLAINT ¶92:**

Rather, the Putative Classes are held together by UnityPoint's uniform automatic meal break deduction policy that systematically deprived Tisdale and the Putative Class Members of earned wages for all hours worked and and [sic] overtime wages, for all hours worked after 40 in a workweek.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 92.

**COMPLAINT ¶93:**

UnityPoint's records reflect the number of hours the Putative Class Members recorded they worked each week.

**ANSWER:** Defendant admits records reflect the number of hours Plaintiff and the opt-in

Plaintiffs recorded that they worked each workweek.  Defendant denies the remaining allegations

in Complaint Paragraph 93.

**COMPLAINT ¶94:**

UnityPoint's records also show it automatically deducted 30 minutes a day from the Putative Class Members' recorded work time for meal breaks.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 94.

**COMPLAINT ¶95:**

The back wages owed to Tisdale and the Putative Class Members can therefore be calculated using the same formula applied to the same records.

97680020v.2

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 95.

**COMPLAINT ¶96:**

Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to UnityPoint's records, and there is no detraction from the common nucleus of liability facts.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 96.

**COMPLAINT ¶97:**

Therefore, the issue of damages does not preclude class or collective treatment.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 97.

**COMPLAINT ¶98:**

Tisdale's experiences are therefore typical of the experiences of the Putative Class Members.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 98.

**COMPLAINT ¶99:**

Tisdale has no interests contrary to, or in conflict with, the Putative Class Members.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 99.

**COMPLAINT ¶100:**

Like each Putative Class Member, Tisdale has an interest in obtaining the unpaid wages owed under federal and/or state law.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 100.

**COMPLAINT ¶101:**

A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 101.

**COMPLAINT ¶102:**

Absent this class and collective action, many Putative Class Members will not obtain redress for their injuries, and UnityPoint will reap the unjust benefits of violating the FLSA, IMWL, and IWPCA.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 102.

**COMPLAINT ¶103:**

Further, even if some of the Putative Class Members could afford individual litigation against UnityPoint, it would be unduly burdensome to the judicial system.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 103.

**COMPLAINT ¶104:**

Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 104.

**COMPLAINT ¶105:**

The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 105.

**COMPLAINT ¶106:**

Among the common questions of law and fact are:

a.   Whether UnityPoint engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA, IMWL, and/or IWPCA;

b.   Whether UnityPoint's automatic meal break deduction policy deprived Tisdale and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA, IMWL, and/or IWPCA;

c.   Whether UnityPoint failed to pay Tisdale and the Putative Class Members overtime compensation for all hours worked after 40 in a workweek, including hours worked during missed and interrupted meal breaks, in violation of the FLSA and/or IMWL;

d.   Whether UnityPoint failed to pay Tisdale and the Illinois Class Members all their earned wages at their agreed hourly rates for all hours worked because UnityPoint failed to include time these employees worked during their meal breaks in their total number of hours worked in a given workweek in violation of the IWPCA;

e.   Whether UnityPoint knew, or had reason to know, Tisdale and the Putative Class Members were requested, suffered, permitted, or allowed to work during their unpaid meal breaks in violation of the FLSA, IMWL, and/or IWPCA;

19

      f.      Whether UnityPoint's violations of the FLSA, IMWL, and/or IWPCA resulted from a continuing course of conduct; Whether UnityPoint's decision not to pay Tisdale and the Putative Class Members overtime wages for all overtime hours worked was made in good faith;

      g.      Whether UnityPoint's decision not to pay Tisdale and the Illinois Class Members all their earned wages for all hours worked was made in good faith; and

      h.      Whether UnityPoint's violations of the FLSA, IMWL, and/or IWPCA were willful.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 106, including the

allegations in subparagraphs a.-h.

**COMPLAINT ¶107:**

Tisdale knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 107.

**COMPLAINT ¶108:**

As part of its regular business practices, UnityPoint intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, IMWL, and/or IWPCA with respect to Tisdale and the Putative Class Members.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 108.

**COMPLAINT ¶109:**

UnityPoint's illegal meal break deduction policy deprived Tisdale and the Putative Class Members of earned wages and overtime wages, which they are owed under federal and/or state law.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 109.

**COMPLAINT ¶110:**

There are many similarly situated FLSA Collective Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 110.

**COMPLAINT ¶111:**

This notice should be sent to the FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

97680020v.2

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 111.

**COMPLAINT ¶112:**

Those similarly situated employees are known to UnityPoint, are readily identifiable, and can be located through UnityPoint's records.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 112.

**UNITYPOINT'S WAGE VIOLATIONS WERE WILLFUL AND/OR
DONE IN RECKLESS DISREGARD OF THE FLSA AND ILLINOIS WAGE LAWS**

**COMPLAINT ¶113:**

Tisdale incorporates all other paragraphs by reference.

**ANSWER:**  Defendant incorporates by reference all of its answers to Complaint Paragraphs 1-

112 as if fully stated herein in response to Complaint Paragraph 113.

**COMPLAINT ¶114:**

UnityPoint knew it was subject to the FLSA's and IMWL's respective overtime provisions.

**ANSWER:**  Defendant admits that it was aware of its legal obligations and that it complied with

them.  Defendant denies the remaining allegations in Complaint Paragraph 114.

**COMPLAINT ¶115:**

UnityPoint knew the FLSA and IMWL required it to pay employees, including Tisdale and the Putative Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

**ANSWER:**  Defendant admits that it was aware of its legal obligations and that it complied with

them.  Defendant denies the remaining allegations in Complaint Paragraph 115.

**COMPLAINT ¶116:**

UnityPoint knew it was subject to the IWPCA.

**ANSWER:** Defendant admits the allegations in Complaint Paragraph 116.

**COMPLAINT ¶117:**

UnityPoint knew the IWPCA required it to pay employees, including Tisdale and the Illinois Class Members, all their earned wages (at the rates agreed to by the parties) for all hours worked.

**ANSWER:** Defendant admits that it was aware of its legal obligations and that it complied with them. Defendant denies the remaining allegations in Complaint Paragraph 117.

**COMPLAINT ¶118:**

UnityPoint knew Tisdale and the Putative Class Members were non-exempt employees entitled to overtime.

**ANSWER:** Defendant admits that it was aware of its legal obligations and that it complied with them. Defendant denies the remaining allegations in Complaint Paragraph 118.

**COMPLAINT ¶119:**

UnityPoint knew Tisdale and the Putative Class Members were paid on an hourly basis.

**ANSWER:** Defendant admits that it was aware of its legal obligations and that it complied with them. Defendant denies the remaining allegations in Complaint Paragraph 119.

**COMPLAINT ¶120:**

UnityPoint knew Tisdale and the Putative Class Members worked more than 40 hours in at least one workweek during the relevant statutory periods because UnityPoint required these employees to record their hours worked using UnityPoint's timeclock system.

**ANSWER:** Defendant admits records reflect the number of hours Plaintiff and the opt-in Plaintiffs recorded that they worked each workweek. Defendant denies the remaining allegations in Complaint Paragraph 120.

**COMPLAINT ¶121:**

UnityPoint knew the FLSA, IMWL, and IWPCA required it to pay Tisdale and the Putative Class Members for all hours these employees performed compensable work.

97680020v.2

**ANSWER:** Defendant admits that it was aware of its legal obligations and that it complied with them.  Defendant denies the remaining allegations in Complaint Paragraph 121.

**COMPLAINT ¶122:**

UnityPoint knew that, as Tisdale's and the Putative Class Members' employer, it had a duty to ensure these employees were not performing work that UnityPoint did not want performed during their unpaid "meal breaks."

**ANSWER:** Defendant admits that it was aware of its legal obligations and that it complied with them.  Defendant denies the remaining allegations in Complaint Paragraph 122.

**COMPLAINT ¶123:**

UnityPoint knew it failed to provide Tisdale and the Putative Class Members with *bona fide* meal breaks.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 123.

**COMPLAINT ¶124:**

UnityPoint knew Tisdale and the Putative Class Members did not actually receive *bona fide* meal breaks.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 124.

**COMPLAINT ¶125:**

UnityPoint knew Tisdale and the Putative Class Members regularly worked during their unpaid meal breaks because UnityPoint expected and required them to do so.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 125.

**COMPLAINT ¶126:**

UnityPoint knew Tisdale and the Putative Class Members regularly spent their meal breaks substantially performing their normal job duties for UnityPoint's predominant benefit.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 126.

**COMPLAINT ¶127:**

Thus, UnityPoint knew Tisdale and the Putative Class Members performed compensable work during their unpaid meal breaks.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 127.

**COMPLAINT ¶128:**

Nonetheless, UnityPoint automatically deducted 30 minutes a day from Tisdale's and the Putative Class Members' recorded work time for "meal breaks."

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 128.

**COMPLAINT ¶129:**

Thus, UnityPoint knew, should have known, or recklessly disregarded whether it paid Tisdale and the Putative Class Members for all hours these employees performed compensable work, including during their unpaid meal breaks.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 129.

**COMPLAINT ¶130:**

In other words, UnityPoint knowingly, willfully, and/or in reckless disregard failed to pay Tisdale and the Putative Class Members overtime wages for all overtime hours worked, including hours worked during their unpaid meal breaks, in violation of the FLSA and/or IMWL.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 130.

**COMPLAINT ¶131:**

Likewise, UnityPoint knowingly, willfully, and/or in reckless disregard failed to pay Tisdale and the Illinois Class Members all their earned wages (at their agreed hourly rates) for all hours worked, including hours worked during their unpaid meal breaks, in violation of the IWPCA.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 131.

**COMPLAINT ¶132:**

UnityPoint's failure to pay Tisdale and the Putative Class Members overtime wages for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime wages for all hours worked made in good faith.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 132.

**COMPLAINT ¶133:**

Likewise, UnityPoint's failure to pay Tisdale and the Illinois Class Members all their earned wages (at the rates agreed to by the parties) for all hours worked was neither reasonable, nor was the decision not to pay these employees all their earned wages (at the rates agreed to by the parties) for all hours worked made in good faith.

97680020v.2

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 133.

**COMPLAINT ¶134:**

UnityPoint knowingly, willfully, and/or in reckless disregard carried out these illegal policies that deprived Tisdale and the Putative Class Members of earned wages and overtime wages in violation of the FLSA, IMWL, and/or IWPCA.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 134.

**COUNT I**

**FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
(FLSA COLLECTIVE)**

**COMPLAINT ¶135:**

Tisdale incorporates all other paragraphs by reference.

**ANSWER:**  Defendant incorporates by reference all of its answers to Complaint Paragraphs 1-

134 as if fully stated herein in response to Complaint Paragraph 135.

**COMPLAINT ¶136:**

Tisdale brings his FLSA claim as a collective action on behalf of himself and the FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

**ANSWER:**  Defendant admits that Plaintiff purports to assert a collective action pursuant to the

FLSA, but denies the remaining allegations in Complaint Paragraph 136.

**COMPLAINT ¶137:**

UnityPoint violated, and is violating, the FLSA by employing non-exempt employees (Tisdale and the FLSA Collective Members) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times these employees' regular rates of pay for all hours worked after 40 in a workweek, including hours worked during these employees' unpaid meal periods.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 137.

**COMPLAINT ¶138:**

Tisdale and the FLSA Collective Members have been harmed as a direct and proximate result of UnityPoint's unlawful conduct because they have been deprived of wages owed for work that they performed and from which UnityPoint derived a direct and substantial benefit.

97680020v.2

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 138.

**COMPLAINT ¶139:**

Accordingly, Tisdale and the FLSA Collective Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 139.

**COUNT II**

**FAILURE TO PAY OVERTIME WAGES UNDER THE IMWL**
**(ILLINOIS CLASS ONLY)**

**COMPLAINT ¶140:**

Tisdale incorporates all other paragraphs by reference.

**ANSWER:**  Defendant incorporates by reference all of its answers to Complaint Paragraphs 1-

139 as if fully stated herein in response to Complaint Paragraph 140.

**COMPLAINT ¶141:**

Tisdale brings his claim under the IMWL as a class action on behalf of himself and the Illinois Class Members pursuant to Fed. R. Civ. P. 23.

**ANSWER:**  Defendant admits that Plaintiff purports to assert a class action pursuant to the

IWML and Fed. R. Civ. P. 23, but denies the remaining allegations in Complaint Paragraph 141.

**COMPLAINT ¶142:**

The conduct alleged violates the IMWL (820 ILCS 105/1, *et seq.*).

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 142.

**COMPLAINT ¶143:**

At all relevant times, UnityPoint was an "employer" within the meaning of the IMWL.

**ANSWER:**  Defendant admits the allegations in Complaint Paragraph 143.

**COMPLAINT ¶144:**

At all relevant times, UnityPoint employed Tisdale and the Illinois Class Members as covered "employees" within the meaning of the IMWL.

26

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 144.

**COMPLAINT ¶145:**

The IMWL requires employers, like UnityPoint, to pay employees, including Tisdale and the Illinois Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

**ANSWER:**  Complaint Paragraph 145 contains only conclusions of law to which no response is

required.

**COMPLAINT ¶146:**

UnityPoint violated, and is violating, the IMWL by failing to pay Tisdale [sic] and the Illinois Class Members overtime wages at rates not less than 1.5 times their regular rates for all hours worked after 40 in a workweek, including hours worked during these employees' unpaid "meal breaks." *See* 820 ILCS 105/4a.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 146.

**COMPLAINT ¶147:**

UnityPoint's unlawful conduct harmed Tisdale and the Illinois Class Members by depriving them of the overtime wages they are owed.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 147.

**COMPLAINT ¶148:**

Accordingly, Tisdale and the Illinois Class Members are entitled to recover their unpaid overtime compensation owed from the 3 years prior to the filing of Tisdale's Original Complaint (Doc. 1), treble damages, as well as monthly statutory damages on these amounts at the highest applicable rates, plus attorney's fees, costs, and expenses. *See* 820 ILCS 105/12(a).

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 148.

**COUNT III**

**FAILURE TO PAY ALL WAGES UNDER THE IWPCA**
**(ILLINOIS CLASS ONLY)**

**COMPLAINT ¶149:**

Tisdale incorporates all other paragraphs by reference.

97680020v.2

**ANSWER:**  Defendant incorporates by reference all of its answers to Complaint Paragraphs 1-148 as if fully stated herein in response to Complaint Paragraph 149.

**COMPLAINT ¶150:**

Tisdale brings his claim under the IWPCA as a class action on behalf of himself and the Illinois Class Members pursuant to Fed. R. Civ. P. 23.

**ANSWER:**  Defendant admits that Plaintiff purports to assert a class action pursuant to the IWCPA and Fed. R. Civ. P. 23, but denies the remaining allegations in Complaint Paragraph 150.

**COMPLAINT ¶151:**

The conduct alleged violates the IWPCA (820 ILCS 115/1, *et seq*.).

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 151.

**COMPLAINT ¶152:**

At all relevant times, UnityPoint was an "employer" within the meaning of the IWPCA.

**ANSWER:**  Defendant admits the allegations in Complaint Paragraph 152.

**COMPLAINT ¶153:**

At all relevant times, UnityPoint employed Tisdale and the Illinois Class Members as covered "employees" within the meaning of the IWPCA.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 153.

**COMPLAINT ¶154:**

The IWPCA requires employers, like UnityPoint, to pay employees, including Tisdale and the Illinois Class Members, for all time they worked at the rate(s) agreed to by the parties.

**ANSWER:**  Complaint Paragraph 154 contains only conclusions of law to which no response is required.

**COMPLAINT ¶155:**

During the course of their employment, UnityPoint agreed to pay Tisdale and each Illinois Class Member an hourly rate for all hours they worked under and up to 40 in a workweek.

28

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 155.

**COMPLAINT ¶156:**

Tisdale and each Illinois Meal Break Class Member accepted UnityPoint's offer.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 156.

**COMPLAINT ¶157:**

But during the course of their employment, UnityPoint failed to pay Tisdale and the Illinois Class Members for all time they worked at the rates UnityPoint agreed to pay them for the work they performed because UnityPoint automatically deducted 30 minutes/shift from these employees' recorded hours worked.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 157.

**COMPLAINT ¶158:**

Thus, UnityPoint violated, and is violating, the IWPCA by failing to pay Tisdale and the Illinois Class Members all their earned wages (at their agreed hourly rates) for all the hours of work they performed for UnityPoint's benefit.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 158.

**COMPLAINT ¶159:**

UnityPoint's unlawful conduct harmed Tisdale and the Illinois Class Members by depriving them of the earned wages they are owed.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 159.

**COMPLAINT ¶160:**

Accordingly, Tisdale and the Illinois Class Members are entitled to recover their unpaid "straight time" compensation (at their agreed hourly rates) owed from the 10 years prior to the filing of Tisdale's Original Complaint (Doc. 1), treble damages, as well as monthly statutory damages on these amounts at the highest applicable rates, plus attorney's fees, costs, and expenses. *See* 820 ILCS 115/14(a).

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 160.

## JURY DEMAND

**COMPLAINT ¶161:**

Tisdale demands a trial by jury.

97680020v.2

**ANSWER:** Defendant admits that Plaintiff demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Tisdale, individually and on behalf of the Putative Class Members, seeks the following relief:

a.   An Order designating the FLSA Collective as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all FLSA Collective Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.   An Order designating the Illinois Class as a class action pursuant to Fed. R. Civ. P. 23;

c.   An Order appointing Tisdale and his counsel to represent the interests of the FLSA Collective and Illinois Class;

d.   An Order pursuant to Section 16(b) of the FLSA finding UnityPoint liable for unpaid back wages due to Tisdale and the FLSA Collective Members, as well as for liquidated damages in an amount equal to their unpaid compensation;

e.   An Order finding UnityPoint liable to Tisdale and the Illinois Class Members for unpaid overtime compensation owed under the IMWL, treble damages, as well as monthly statutory damages at the rate of 5% per month in the amount of the underpayment;

f.   An Order finding UnityPoint liable to Tisdale and the Illinois Class Members for unpaid "straight time" wages owed under the IWPCA, treble damages, as well as monthly statutory damages at the rate of 5% per month in the amount of the underpayment;

g.   Judgment awarding Tisdale and the Putative Class Members all unpaid wages, liquidated damages, treble damages, monthly statutory damages, and any other penalties available under the FLSA, IMWL, and IWPCA;

h.   An Injunction precluding UnityPoint from violating the IWPCA;

i.   An Order awarding attorney's fees, costs, and expenses;

j.   Pre- and post-judgment interest at the highest applicable rates; and

k.   Such other and further relief as may be necessary and appropriate.

97680020v.2

**ANSWER:**  Defendant denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1.      Defendant acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices and was in good faith compliance with the FLSA with respect to Plaintiff and/or potential collective action members.

2.      Plaintiff's claims and those of potential collective and class action members are barred, in whole or in part, by the applicable statute of limitations.

3      Plaintiff's claims and those of potential collective and class action members are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under the FLSA and applicable state law.

4.      The Court lacks specific personal jurisdiction over any non-resident opt-in plaintiffs.  *See Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017).

Defendant reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of the litigation.

Dated: September 5, 2023.                    Respectfully submitted,

IOWA HEALTH SYSTEM

*/s/ Christina Jaremus*
Noah A. Finkel
Christina Jaremus
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
(312) 460-5000
nfinkel@seyfarth.com
cjaremus@seyfarth.com

*Attorneys for Defendant*

97680020v.2

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on September 5, 2023, the foregoing was filed with the Clerk of the Court via the Court's CM/ECF system, which will send a true and correct copy of the same to all counsel of record via e-mail/Notice of Electronic Filing:

*/s/ Christina Jaremus*
Christina Jaremus

97680020v.2