# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| WILLIAM TISDALE, SHARI KVIDAHL, DESIREE HICKSON, MARCI NEAL, KIMBELY METCALF, REBECCA DRAKE, SHAWNA BITTNER, SARAH HILLHOUSE, KELLY THOMPSON, JENNY ENNEN, BARBARA WEBRAND, STACY PEREZ, and JUNIOR CASTILLO,<br><br>v.<br><br>IOWA HEALTH SYSTEM d/b/a UNITYPOINT HEALTH. | Case No. 1:23-cv-01142-MMM-JEH |

## SECOND AMENDED COMPLAINT

### SUMMARY

1. William Tisdale ("Tisdale") Shari Kvidahl, Desiree Hickson, Marci Neal, Kimbely Metcalf, Rebecca Drake, Shawna Bittner, Sarah Hillhouse, Kelly Thompson, Jenny Ennen, Barbara Webrand, Stacy Perez, and Junior Castillo ("Plaintiffs") bring this lawsuit to recover unpaid wages, overtime wages, and other damages from Iowa Health System d/b/a UnityPoint Health ("UnityPoint").

2. Tisdale works for UnityPoint as a Security Officer at UnityPoint facilities in Illinois.

3. Shari Kvidahl works for UnityPoint as a Registered Nurse and Charge Nurse at UnityPoint Facilities in Iowa.

4. Desiree Hickson works for UnityPoint as a Patient Care Tech at UnityPoint facilities in Illinois.

5. Marci Neal works for UnityPoint as a Registered Nurse and Case Manager at UnityPoint facilities in Iowa.

6. Kimbely Metcalf worked for UnityPoint as a Pharmacy Technician at UnityPoint facilities in Iowa.

7. Rebecca Drake worked for UnityPoint as an X-Ray Technician at UnityPoint facilities in Illinois.

8. Shawna Bittner works for UnityPoint as a Certified Medical Assistant at UnityPoint facilities in Iowa.

9. Sarah Hillhouse works for UnityPoint as a Phlebotomist at UnityPoint facilities in Illinois.

10. Kelly Thompson worked for UnityPoint as a Medical Assistant at UnityPoint facilities in Illinois.

11. Jenny Ennen worked for UnityPoint as a Pharmacy Technician at UnityPoint facilities in Iowa.

12. Barbara Webrand worked for UnityPoint as a Certified Pharmacy Technician at UnityPoint facilities in Iowa.

13. Stacy Perez works for UnityPoint as a Registered Nurse at UnityPoint facilities in Iowa.

14. Junior Castillo worked for UnityPoint as a Registered Nurse at UnityPoint facilities in Iowa.

15. Plaintiffs regularly worked more than 40 hours in a workweek.

16. But UnityPoint did not pay them for all the hours they work.

17. Instead, UnityPoint automatically deducted 30 minutes a day from Plaintiffs' work time for so-called meal breaks.

18. The Plaintiffs are thus not paid for that time.

19. But Plaintiffs do not actually receive *bona fide* meal breaks.

20. Instead, UnityPoint requires Plaintiffs to remain on-duty throughout their shifts and continuously subjects them to interruptions, including during their unpaid "meal breaks."

21. UnityPoint's auto-deduction policy violates the Fair Labor Standards Act ("FLSA") by depriving the Plaintiffs of overtime wages for all overtime hours worked.

## JURISDICTION & VENUE

22. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

23. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims occurred in this District and Division. 28 U.S.C. § 1391(b)(2).

## PARTIES

24. Plaintiffs worked for UnityPoint in various positions including Security Officer, Registered Nurses, Patient Care Technicians, X-Ray Technician, Certified Medical Assistants, and Phlebotomists at UnityPoint facilities. Plaintiffs written consents were already filed. *See* Docs. 1-1, 10, 18, 21, 23, 25, 26, 28.

25. Throughout their employment, UnityPoint classified Plaintiffs as non-exempt and paid them on an hourly basis.

26. Throughout their employment, UnityPoint subjected Plaintiffs to its common practice of automatically deducting 30 minutes a day from their recorded work time for so-called "meal breaks."

27. But throughout their employment, Plaintiffs did not actually receive *bona fide* meal breaks.

28. Instead, UnityPoint uniformly requires Plaintiffs to remain on-duty and perform compensable work throughout their shifts, including during their unpaid "meal breaks."

29. Thus, UnityPoint uniformly deprived Plaintiffs of overtime wages for all hours worked after 40 in a workweek in violation of the FLSA.

30. UnityPoint is an Iowa not-for-profit corporation that maintains its headquarters in Des Moines, Iowa.

31. UnityPoint has already been served with process and appeared in this case. *See* Doc. 5; Doc. 15.

**COVERAGE UNDER THE FLSA**

32. At all relevant times, UnityPoint was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

33. At all relevant times, UnityPoint, was a hospital network and institution primarily engaged in healthcare, was an "enterprise" within the meaning of Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A).

34. At all relevant times, UnityPoint was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1)(B) of the FLSA, 29 U.S.C. § 203(s)(1)(B), because UnityPoint, as a hospital network, is engaged in the operation of a hospital and an institution primarily engaged in providing healthcare services.

35. In each of the last 3 years, UnityPoint has had an annual gross volume of sales made or business done of not less than $500,000 each year.

36. At all relevant times, Plaintiffs were UnityPoint's "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(3).

37. At all relevant times, Plaintiffs have been engaged in commerce or in the production of goods for commerce.

38. UnityPoint uniformly deducted 30 minutes/shift from Plaintiffs' wages for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

39. As a result, UnityPoint failed to pay Plaintiffs for this compensable work, including overtime wages, in violation of the FLSA.

40. UnityPoint's automatic meal break deduction policy, which deprives Plaintiffs of overtime compensation for all overtime hours worked during the weeks in which these employees work over 40 hours, violates the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

41. UnityPoint bills itself as "the nation's fifth largest non-denominational health system" that "provide[s] care throughout Iowa, western Illinois, and southern Wisconsin in non-for-profit hospitals, clinics, and home health settings."[1]

42. UnityPoint employs workers, including Plaintiffs, to work at its various healthcare facilities.

43. UnityPoint uniformly classifies Plaintiffs as non-exempt from overtime compensation and pays them on an hourly basis.

44. While exact job titles and job duties may differ, Plaintiffs are subjected to the same or similar illegal pay practices.

45. UnityPoint requires Plaintiffs to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

46. At the end of each pay period, Plaintiffs received wages from UnityPoint that were determined by common systems and methods that UnityPoint selected and controlled.

47. UnityPoint requires its hourly, non-exempt employees, including Plaintiffs, to record their hours worked using UnityPoint's timeclock system.

---

[1] *See* https://www.unitypoint.org/about-unitypoint-health (last visited May 5, 2024).

48. Further, UnityPoint subjects its hourly, non-exempt employees, including Plaintiffs, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

49. Specifically, UnityPoint automatically deducts 30 minutes a day Plaintiffs' recorded work time for meal periods.

50. UnityPoint automatically deducts this time regardless of whether Plaintiffs actually received a full, uninterrupted, 30-minute meal period.

51. Indeed, UnityPoint simply assumes Plaintiffs received *bona fide* meal breaks each shift they work.

52. But UnityPoint fails to provide Plaintiffs with *bona fide* meal periods.

53. And Plaintiffs do not actually receive *bona fide* meal breaks.

54. Instead, UnityPoint requires Plaintiffs to remain on-duty and perform compensable work throughout their shifts.

55. And UnityPoint continuously subjects them to work interruptions during their unpaid meal periods.

56. Because of these constant work interruptions, Plaintiffs are not free to engage in personal activities during their unpaid meal periods.

57. Rather, during their unpaid meal periods, Plaintiffs are necessarily forced to substantially perform their regular job duties.

58. Thus, Plaintiffs routinely spend their unpaid "meal breaks" performing work for UnityPoint's—not these employees'—predominant benefit.

59. This unpaid time is compensable under the FLSA because UnityPoint knew, or should have known, that (1) Plaintiffs were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they

entirely skipped the meal period due to work demands, (4) the meal period was less than 20 consecutive minutes, (5) they were not free to engage in personal activities during their meal periods because of constant work interruptions, (6) they remained on UnityPoint's premises and under UnityPoint's supervision, and/or (8) they spent their unpaid meal periods substantially performing their regular job duties for UnityPoint's predominant benefit.

60. UnityPoint failed to exercise its duty as Plaintiffs' employer to ensure these employees were not performing work that UnityPoint did not want performed during their unpaid "meal breaks."

61. UnityPoint knows Plaintiffs routinely perform work "off the clock" during their unpaid meal breaks because UnityPoint expects and requires these employees to do so.

62. Despite accepting the benefits, UnityPoint did not pay Plaintiffs for the compensable work they performed during their "meal breaks."

63. Thus, under UnityPoint's uniform automatic meal break deduction policy, Plaintiffs are denied overtime pay for those on-duty "meal breaks" during workweeks in which they work more than 40 hours in violation of the FLSA.

64. Plaintiffs worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

65. Indeed, Plaintiffs typically work 12-hour shifts for at least 4 days a workweek.

66. And Plaintiffs regularly are also required to work during their unpaid meal breaks "off the clock" in order to complete their job duties and responsibilities.

67. As a result, Plaintiffs routinely work in excess of 40 hours in a typical workweek.

68. When Plaintiffs worked more than 40 hours in a workweek, UnityPoint did not pay them overtime wages at rates not less than 1.5 times their regular rates of pay for all overtime hours worked because UnityPoint failed to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek in violation of the FLSA.

## UNITYPOINT'S WAGE VIOLATIONS WERE WILLFUL AND/OR DONE IN RECKLESS DISREGARD OF THE FLSA

69. Plaintiffs incorporate all other paragraphs by reference.

70. UnityPoint knew it was subject to the FLSA's respective overtime provisions.

71. UnityPoint knew the FLSA required it to pay Plaintiffs overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

72. UnityPoint knew Plaintiffs were non-exempt employees entitled to overtime.

73. UnityPoint knew Plaintiffs were paid on an hourly basis.

74. UnityPoint knew Plaintiffs worked more than 40 hours in at least one workweek during the relevant statutory periods because UnityPoint required these employees to record their hours worked using UnityPoint's timeclock system.

75. UnityPoint knew the FLSA required it to pay Plaintiffs for all hours these employees performed compensable work.

76. UnityPoint knew that, as Plaintiffs' employer, it had a duty to ensure these employees were not performing work that UnityPoint did not want performed during their unpaid "meal breaks."

77. UnityPoint knew it failed to provide Plaintiffs with *bona fide* meal breaks.

78. UnityPoint knew Plaintiffs did not actually receive *bona fide* meal breaks.

79. UnityPoint knew Plaintiffs regularly worked during their unpaid meal breaks because UnityPoint expected and required them to do so.

80. UnityPoint knew Plaintiffs regularly spent their meal breaks substantially performing their normal job duties for UnityPoint's predominant benefit.

81. Thus, UnityPoint knew Plaintiffs performed compensable work during their unpaid meal breaks.

82. Nonetheless, UnityPoint automatically deducted 30 minutes a day from Plaintiffs' recorded work time for "meal breaks."

83. Thus, UnityPoint knew, should have known, or recklessly disregarded whether it paid Plaintiffs for all hours these employees performed compensable work, including during their unpaid meal breaks.

84. In other words, UnityPoint knowingly, willfully, and/or in reckless disregard failed to pay Plaintiffs overtime wages for all overtime hours worked, including hours worked during their unpaid meal breaks, in violation of the FLSA.

85. UnityPoint's failure to pay Plaintiffs overtime wages for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime wages for all hours worked made in good faith.

86. UnityPoint knowingly, willfully, and/or in reckless disregard carried out these illegal policies that deprived Plaintiffs of earned wages and overtime wages in violation of the FLSA.

**FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA**

87. Plaintiffs incorporate all other paragraphs by reference.

88. UnityPoint violated, and is violating, the FLSA by employing non-exempt employees (Plaintiffs) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times these employees' regular rates of pay for all hours worked after 40 in a workweek, including hours worked during these employees' unpaid meal periods.

89. Plaintiffs have been harmed as a direct and proximate result of UnityPoint's unlawful conduct because they have been deprived of wages owed for work that they performed and from which UnityPoint derived a direct and substantial benefit.

90. Accordingly, Plaintiffs are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

**RELIEF SOUGHT**

WHEREFORE, Plaintiffs seek the following relief:

a. An Order pursuant to Section 16(b) of the FLSA finding UnityPoint liable for unpaid back wages due to Plaintiffs, as well as for liquidated damages in an amount equal to their unpaid compensation;

b. Judgment awarding Plaintiffs all unpaid wages, liquidated damages, and any other penalties available under the FLSA;

c. An Order awarding attorney's fees, costs, and expenses;

d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Andrew W. Dunlap*
Michael A. Josephson*
Andrew W. Dunlap*
Olivia R. Beale*
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
obeale@mybackwages.com

Douglas M. Werman
Maureen A. Salas
**WERMAN SALAS P.C.**
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
312-419-1008 – Telephone

dwerman@flsalaw.com
msalas@flsalaw.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@bruicknerburch.com

William C. (Clif) Alexander*
Austin W. Anderson*
**ANDERSON ALEXANDER PLLC**
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
361-452-1279 – Telephone
361-452-1284 – Facsimile
clif@a2xlaw.com
austin@a2xlaw.com

*Admitted pro hac vice*

**ATTORNEYS FOR PLAINTIFFS**