IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WILLIAM TISDALE, *et al.*,<br><br>        Plaintiff,<br>v.<br><br>IOWA HEALTH SYSTEM d/b/a UNITYPOINT HEALTH,<br><br>        Defendant. | Case No. 1:23-cv-01142<br><br>Judge Michael M. Mihm<br><br>Magistrate Judge Jonathan E. Hawley |

**JOINT MOTION FOR APPROVAL OF SETTLEMENTS AND DISMISSAL**

Plaintiffs William Tisdale, *et al.* ("Plaintiffs") and Defendant Iowa Health System[1] ("Defendant") (collectively (the "Parties")) pursuant to the authority cited herein and at Judge Mihm's request during the April 23, 2024 status hearing, respectfully request that the Court grant the Parties' Joint Motion for Approval of Settlements and state as follows:

    1.    In this action, Plaintiffs claim that certain violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*, occurred.

    2.    On August 21, 2023, Plaintiff William Tisdale filed his First Amended Complaint in this case and Defendant filed its Answer and Defenses to the same on September 5, 2023. ECF No. 24 and 27; Text Order of August 21, 2023. Discovery in this matter closed on February 16, 2024. Text Order of January 16, 2024. This matter was not certified as a collective or class action, but twelve individuals opted in to the case. ECF No. 10, 18, 21, 23, 25, 26, 28. On May 8, 2024, Plaintiffs filed a Second Amended Complaint to add the 12 opt-in Plaintiffs as individual Plaintiffs in this case in addition to Plaintiff Tisdale. ECF No. 32.

---

[1] Iowa Health System was incorrectly named in the Complaint as "Iowa Health System d/b/a UnityPoint Health."

3. At or around the close of discovery, the Parties engaged in settlement negotiations and reached a settlement to resolve the 13 individual Plaintiffs' claims, which the Parties memorialized in written Settlement Agreements.

## I. Authority Supporting Judicial Approval of Individual FLSA Settlements

4. Because this action was brought under the FLSA, the Parties seek the Court's approval that each settlement is a fair and reasonable resolution of a *bona fide* dispute. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945) (requiring Court or Department of Labor approval for FLSA settlements, even individual and non-collective claims, and explaining low standard for judicial review when parties are represented by counsel); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (FLSA provisions "are not subject to negotiation or bargaining between employer and employee" and may only be resolved under DOL supervision or where a court determines that the resolution "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions"); *accord, Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) ("[U]nder the FLSA . . . there is a judicial prohibition against the unsupervised waiver or settlement of claims").[2]

---

[2] The Parties acknowledge that a number of District Courts and at the Fifth Circuit Court of Appeals have held that private releases are enforceable notwithstanding *Brooklyn Savings Bank*. *E.g., Martin v. Spring Break '83 Products, LLC*, 688 F.3d 274 (5th Cir. 2012). The Seventh Circuit has not yet done so. Given this uncertainty and the Parties' interest in the finality of these proceedings, the Parties submit their settlement to the Court for judicial approval. *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) (without court approval, parties cannot voluntarily dismiss a plaintiff's FLSA claims through a private stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)).

**II.      The Court Should Approve The Parties' Settlements As Fair and Reasonable**

5. A district court should approve an FLSA collective action settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties. *Brashier v. Quincy Prop. LLC*, No. 17-3022, 2019 WL 13162429, at *1 (C.D. Ill. Nov. 1, 2019), *report and recommendation adopted*, No. 17-3022, 2019 WL 13162430 (C.D. Ill. Nov. 19, 2019) (citing *Soto v. Wings 'R Us Romeoville, Inc.*, No. 15 C 10127, 2018 WL 1875296, at *1 (N.D. Ill. Apr. 16, 2018)).

6. The settlements in this case were the result of contested litigation. The case was actively litigated by both Parties. Defendant planned to see the case through a dispositive motion after the close of discovery had the matter not resolved.

7. The settlements in this case are a fair and reasonable resolution of a *bona fide* dispute between the Parties. If a proposed settlement is "a fair and reasonable resolution of a bona fide dispute" over FLSA provisions, courts may approve the agreements to encourage settlement of litigation. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355. Courts assess the following factors when determining whether a settlement is "fair and reasonable:" (1) whether the parties fairly and honestly negotiated the settlement; (2) if serious questions of law and fact existed that placed the ultimate outcome of the litigation in doubt; (3) whether the value of immediate settlement outweighs the mere possibility of future relief after protracted litigation; and (4) whether the settlement is deemed fair and reasonable by the Parties. *Id*. (citing *Soto*, 2018 WL 1875296, at *1.)

8. Here, the factors favor approving the settlements as proposed by the Parties.

9. First, the Parties negotiated the settlements through their attorneys, who are well-versed in wage and hour law. The settlement amount fairly compensates each Plaintiff for alleged

3

unpaid wages based on the factual information available to the Parties as well an amount for Plaintiffs' attorneys' fees and costs.

10. Second, the settlement accounts for the risk that Plaintiffs will not successfully prove entitlement to their full alleged damages. If litigated to its conclusion the Court could find, given the Company's defenses and the factual record, that Plaintiffs were compensated for all hours worked and entitled to no damages at all. Thus, serious questions of law and fact exist that place the ultimate outcome of the litigation in doubt.

11. Additionally, the value of immediate settlements outweighs the mere possibility of future relief after protracted litigation. Defendant planned to move for summary judgment if the matter did not resolve and settlements now will allow both Parties to divert funds from attorneys' fees anticipated to greatly accumulate as the litigation moved forward.

12. Finally, the Parties themselves deem their agreement fair and reasonable. As noted above, the settlements were negotiated at arm's-length by experienced wage-hour attorneys, as both Plaintiff and Defense counsel routinely handle employment cases, including those brought under the FLSA. The Parties have entered into the settlements voluntarily and knowingly and all understand fully the meaning and effect of their actions.

13. The Parties thus request that the Court review the settlement agreements *in camera* due to a confidentiality provision contained within them and grant its approval for each as one that is a fair and reasonable resolution of this dispute.

WHEREFORE the Parties respectfully request that the Court enter an order:

A. Granting approval of the settlements reached by the Parties in this action as embodied in their Settlement Agreements, as fair and reasonable resolution of a *bona fide* disputes; and

B. Entering judgment dismissing this action with prejudice in accordance with the settlement agreements and pursuant to a stipulation to dismiss with prejudice to be filed by the Parties.

DATED: June 1, 2024

Respectfully submitted,

| **PLAINTIFFS WILLIAM TISDALE,** *et al.* | **DEFENDANT IOWA HEALTH SYSTEM** |
|---|---|
| By: *s/ Olivia Beale*<br>Michael A. Josephson<br>Andrew W. Dunlap<br>Olivia R. Beale<br>JOSEPHSON DUNLAP LLP<br>11 Greenway Plaza, Suite 3050<br>Email: mjosephson@mybackwages.com<br>Email: adunlap@mybackwages.com<br>Email: obeale@mybackwages.com<br>Telephone: (713) 352-1100<br>*Counsel for Plaintiffs* | By: *s/ Christina Jaremus*<br>Noah A. Finkel<br>Christina Jaremus<br>Seyfarth Shaw LLP<br>233 South Wacker Drive, Suite 8000<br>Chicago, Illinois 60606<br>Email: nfinkel@seyfarth.com<br>Email: cjaremus@seyfarth.com<br>Telephone: (312) 460-5000<br>*Counsel for Defendant* |

**CERTIFICATE OF SERVICE**

    I, Christina Jaremus, hereby certify that on June 1, 2024, a true copy of the foregoing document was served via the Court's electronic filing system on the following Counsel for Plaintiffs:

    Michael A. Josephson
    Andrew W. Dunlap
    Olivia R. Beale
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    Telephone: 713.352.1100
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    obeale@mybackwages.com
    unitypointhealth-tisdale@mybackwages.com

    Richard J. Burch
    **BRUCKNER BURCH PLLC**
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    Telephone: 713.877.8788
    rburch@brucknerburch.com

    Douglas M. Werman
    Maureen A. Salas
    **WERMAN SALAS PC**
    77 West Washington Street, Suite 1402
    Chicago, Illinois 60602
    Telephone: 312.419.1008
    dwerman@flsalaw.com
    msalas@flsalaw.com

    Austin W. Anderson
    William C. Alexander
    **ANDERSON ALEXANDER PLLC**
    101 North Shoreline Boulevard, Suite 610
    Corpus Christi, TX 78401
    Telephone: 361.452.1279
    team@a2xlaw.com

        */s/ Christina Jaremus*